## TEXAS GAUZE MILLS v. GOATLEY.
### No. 8702.

Court of Civil Appeals of Texas.   Austin.
June 29, 1938.

Rehearing Denied Sept. 21, 1938.

Neil E. Beaton, of San Antonio, and J. H. Schleyer, of New Braunfels, for appellant.

Stahl & Sohn, of San Antonio, for appellee.

BLAIR, Justice.

Appellee, J. H. Goatley, sued appellant, Texas Gauze Mills, to recover $450, the amount due J. B. Andrews & Company for auditing appellant's books and making a financial statement in connection with its application for a loan; the claims of the auditing company having been assigned to appellee. A jury trial upon special issues resulted in verdict and judgment for appellee; hence this appeal.

Having heretofore stricken the statement of facts because not properly prepared nor timely filed, appellant presents the following questions which may be considered in the absence of a statement of facts:

Appellant contends that since appellee's petition declared upon two separate and distinct oral contracts, one of which showed on its face to be barred by limitation and the other to be for an amount below the jurisdiction of. the court, the court erred in not sustaining appellant's plea in abatement and in not dismissing the suit. Primarily the plea in abatement related to an alleged misjoinder of causes of action, but did call the court's attention to the fact that one item sued for by appellee was alleged to be barred by limitation at the time of the filing of the suit; and that the remaining item was for an amount below the jurisdiction of the court.

The petition alleged in substance that J. B. Andrews & Company agreed to audit appellant's books and to make a financial statement and application for a loan for appellant; that the audit and services were completed about August 22, 1934, for which appellant agreed to pay $350; that it was agreed that appellant would have a reasonable time after the audit and application for loan were made in which to pay therefor; and that the period from August 22, 1934, to January 1, 1935, was a reasonable time in which to pay for the audit and services. Appellee further alleged that after the loan was rejected on November 15, 1934, appellant again employed J. B. Andrews & Company to audit its business covering the period from about July 22, 1934, the end of the first audit, to on or about December 31, 1934; this contract being made about January 15, 1935, and was completed January 20, 1935, and was made for the purpose of further aiding the application of appellant for a loan; and for this audit and service appellee sued for $100, the agreed price of the audit and service.

■ There was no misjoinder of causes of action because both audits were made by the same company and between the same parties, and each was made for the purpose of aiding appellant in obtaining a loan, and each related to the same undertaking. Where claims are so closely related that the investigation of one necessarily develops facts with respect to the other; or where the matters are of the same nature and the relief sought is similar, or can be heard together without confusion or uncertainty; or where no inconvenience or injury will result from joining the causes of action, they may be adjudicated in one suit. This doctrine has resulted from the efforts of courts to bring about a policy which will avoid a multiplicity of suits. Gilbert v. Mooring, Tex. Civ.App., 88 S.W.2d 537; Kreis v. Kreis, Tex.Civ.App., 36 S.W.2d 821; Smith v. Ross, Tex.Civ.App., 82 S.W.2d 1046; 1 Tex.Jur. 631 to 660, §§ 34 to 45.

■ No special exception was addressed to the petition of appellee because the item of $350 for the first audit was barred by limitation. If the plea in abatement because of misjoinder may be regarded as such exception, then it is without merit. Appellee having alleged a contract by virtue of which appellant was to have a reasonable time to pay for the audit, and having alleged that· January 1, 1935, was a reasonable time, and the petition having been filed November 12, 1936, less than two years after the expiration of the reasonable time alleged, it cannot be said as a matter of law that such period was more than a reasonable time in which to pay for the services rendered. The petition was therefore not subject to a special exception as showing that the first item for which appellee sued was as·a matter of law barred by limitation, Vernon's Ann.Civ.St. art. 5526, if such exception has been made. Whether the time allowed to pay for the audit was reasonable was a question of fact, and a contract providing for its performance within a reasonable time is valid and definite. Texas Farm Bureau Cotton Ass'n v. Stovall, 113. Tex. 273, 253 S.W. 1101; Lange v. Caruthers, 70 Tex. 718, 722, 8 S.W. 604; Elliott on Contracts, Vol. 1, § 176. In such situation it was incumbent upon appellant to allege and prove that the reasonable time which it had under the contract to pay for said services rendered up to August 22, 1934,, had expired prior to November 12, 1934; . and that appellee's cause of action accrued prior to November 12, 1934. At most, appellant's plea of limitation presented only a question of fact with the burden of proof resting upon appellant. Limitation was the affirmative defense of appellant, and the record shows that it made no request for submission of the issue to the jury; and. it was therefore waived. Whitehead v. Reiger, Tex.Com.App., 6 S.W.2d 745; Texas & Pac. Ry. Co. v. Williamson & Co., Tex.Com.App., 221 S.W. 571; Michelin Tire Co. v. Ganter, Tex.Civ.App., 61 S.W.. 2d 525; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Bulin v. Smith, Tex.Com. App., 1 S.W.2d 591; Texarkana Motor Co. v. Brashears, Tex.Civ.App., 37 S.W.2d 773; City of Houston v. Scanlan, 120 Tex. 264,.

37 S.W.2d 718; Sewall Paint & Glass Co. v. Booth Lumber & Loan Co., Tex.Civ.App., 34 S.W.2d 650, affirmed Sewell Paint & Glass Co. v. Booth Lumber & Loan Co., Tex.Com.App., 50 S.W.2d 793.

Judgment of the trial court is affirmed. Affirmed.