Robert G. LOCKARD and Toshi
O. Lockard, Appellants,

v.

Ernest DEITCH, Appellee.

No. 13–92–227–CV.

Court of Appeals of Texas,
Corpus Christi.

May 6, 1993.

James A. Skrobarcek, Corpus Christi, for appellants.

W. Bradford Hill, Jr., Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

OPINION

GILBERTO HINOJOSA, Justice.

Appellants, Robert G. Lockard and Toshi O. Lockard, sued appellee, Ernest R. Deitch, for negligence arising out of an automobile collision. The trial court granted appellee's motion for summary judgment on the ground that the suit was barred by the statute of limitations. The principle question on appeal is whether entry into settlement negotiations tolls or waives the statute of limitations. We affirm.

In PLAINTIFFS' ORIGINAL PETITION, filed August 1, 1991, appellants alleged that the collision in question occurred September 1, 1989. Asserting that the accident occurred on September 1, 1988, appellee affirmatively pleaded that appellants' cause of action had been barred by the two-year statute of limitations. *See* TEX.CIV.PRAC.REM.CODE ANN. § 16.003 (Vernon 1986). Appellee then filed a MOTION FOR SUMMARY JUDGMENT, alleging that the collision in question occurred September 1, 1988, and that suit was filed August 1, 1991, more than two years after the cause of action accrued.

Subsequently, appellants filed PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION which stated that the collision occurred September 1, 1988. On the same day, appellants filed PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT, in which they argued that appellee had waived his right to assert the defense of limitations by a letter dated May 1, 1989.

The letter was from a claims examiner for appellee's insurance company and was sent to appellants' lawyer, James Skrobarcek. It stated in pertinent part:

In reviewing our file, it appears that Ms. Lockard has recovered from all of the injuries received in this accident other than the left knee and for which she is still being treated by Dr. Gary Snook. *Once you have the final specials and medical reports to submit to us for evaluation, we will try to work towards a settlement with you.*

Your cooperation in this matter will be appreciated and we look forward to working with you to bring this matter to a conclusion. Should you care to discuss any phase of this claim, my phone number is 1–800–292 8994. (emphasis added)

In their response to appellee's motion for summary judgment, appellants argued that the italicized sentence quoted above effected a waiver of the statute of limitations. The reports were not received by appellants until January 23, 1991. Consequently, appellants claimed that the statute of limitations was tolled and did not begin to run again until January 23, 1991. The trial court disagreed and granted appellee's motion. By two points of error, appellants argue that the trial court erred in granting appellee's motion for summary judgment.

 Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issue expressly set out in the motion or response. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); Tex. R.Civ.P. 166a(c). Evidence favorable to the non-movant must be taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 549. However, issues must be expressly presented to the trial court to be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c).

In their two points of error, appellants argue that a genuine issue of material fact exists as to 1) whether appellee should be estopped from raising the defense of limitations because the statute of limitations was tolled by acts of appellee's representative, and 2) whether appellee's representative induced appellants' counsel to delay filing suit. However, the legal theories of estoppel and inducement were not before the trial court in opposition to appellee's MOTION FOR SUMMARY JUDGMENT. Rule 166a(c) states that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." In *City of Houston,* the Texas Supreme Court stated:

Both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing. The appellate court which must later decide whether the issue was actually presented to and considered by the trial judge will then be able to examine the transcript and make its determination.

*City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979). Thus, the arguments based on estoppel and inducement are not properly before this Court and we cannot consider them on appeal. Tex.R.Civ.P. 166a(c); *City of Houston,* 589 S.W.2d at 677.

Although appellants' specific arguments presented on appeal were not brought to the trial court's attention, appellants have properly presented the granting of the summary judgment for appellate review because they alleged in their brief that a genuine issue of material fact was raised in the trial court. *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). We therefore review the trial court's granting of the summary judgment in order to determine whether a genuine issue of material fact was raised in the trial court and considered by the trial judge. *See* Tex. R.Civ.P. 166a(c).

 Appellants contended in their response to appellee's motion for summary judgment that the letter from appellee's

insurance company tolled the statute of limitations. Appellants rely on *Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 165 (Tex. 1967), for the proposition that a letter offering to negotiate upon the occurrence of some future event tolls the statute of limitations until the occurrence of that event. They also rely on *Texas Gauze Mills v. Goatley*, 119 S.W.2d 887, 888 (Tex.Civ. App.—Austin 1938, no writ), in which the court of appeals held that the defense of limitations may be waived by a defendant in an oral contract to pay "within a reasonable time" after services were rendered. We believe that neither case is applicable to the facts of this case.

In *Leonard*, the appeals court based its decision on an *express* agreement to toll the statute of limitations. *Leonard*, 422 S.W.2d at 165. The letter in *Leonard* stated:

> This is to advise, as outlined in our telephone conversation of today, the period of time between the date of your letter, May 16, 1961, and the date we will again contact you regarding your claim, will not be counted as time transpired since the seismic work took place, *this with reference to the period of limitation.*

*Id.* at 164 (emphasis added). No such express agreement exists in, or could be inferred from, the letter sent by appellee's insurance carrier.

*Goatley* is inapplicable because it did not involve the *tolling* of the statute of limitations. The issue in *Goatley* was not whether the defendant had waived its right to assert the statute of limitations, but, rather, the date that the cause of action accrued. The oral agreement in *Goatley* was that payment would be made "within a reasonable time" after the services were rendered. Because the plaintiff brought suit on the contract more than two years after the services were rendered, the issue was whether the statute of limitations should not begin to run until a "reasonable time" after services were rendered. Whereas, in this case, appellants did not raise the issue of when the cause of action for negligence accrued.

Absent fraud or bad faith, settlement negotiations between a plaintiff and defendant do not constitute a waiver of the defendant's right to assert the statute of limitations. *Cook v. Smith*, 673 S.W.2d 232, 235 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (party may invoke equitable estoppel to prevent opponent from pleading limitations if opponent, his agent, or representatives make representations which induce party to delay filing suit within applicable limitations period); *Phillips v. Sharpstown Gen. Hospital*, 664 S.W.2d 162, 168 (Tex. App.—Houston [1st Dist.] 1983, no writ) (mere exchange of information between potential litigants should not suspend running of the applicable limitation statute or estop litigant from asserting it as a defense); *Ramos v. Levingston*, 536 S.W.2d 273, 276 (Tex.Civ.App.—Corpus Christi 1976, no writ) (fraud prevents running of statute of limitations until it is discovered, or by exercise of reasonable diligence should have been discovered). Appellants offered no evidence to the trial court of bad faith or fraudulent inducement by appellee.

We hold that there was no genuine issue of material fact with respect to the waiver and tolling arguments asserted by appellants, and that appellee is entitled to judgment as a matter of law on the grounds that appellants' claim for negligence in a personal injury action was barred by the statute of limitations. TEX.CIV.PRAC.REM. CODE ANN. § 16.003; TEX.R.CIV.P. 166a(c); *Nixon*, 690 S.W.2d at 548. Appellants' points of error are overruled.

The decision of the trial court is AFFIRMED.

NYE, C.J., not participating.