Gene W. FRANK and Betty
Jo Frank, Appellants

v.

Ruby BRADSHAW and Stanley
Dean Bradshaw, Appellees.

No. 01–95–00618–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 18, 1996.

Rehearing Overruled March 21, 1996.

Charles Houssiere, III, Houston, for Appellants.

William S. Jackson and Alan Janiga, Houston, for Appellees.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

This is a suit to recover damages for injuries sustained in an automobile collision. The trial court entered a summary judgment for the defendants, Ruby and Stanley Dean Bradshaw, on the ground that the cause of action was barred by limitations. The plaintiffs, Gene and Betty Jo Frank, argue in a single point of error that the trial court erred in granting the Bradshaws' summary judgment because they raised a fact issue regarding each element of the affirmative defense of estoppel. We reverse and remand.

On September 16, 1988, the Franks' car was struck from behind by a car owned by Ruby Bradshaw and driven by Stanley Dean Bradshaw. Shortly thereafter, a State Farm Insurance agent named Rusty Batey contacted the Franks and represented that he was the insurance adjuster for the Bradshaws' insurer. Batey informed the Franks that he would be handling their claim on behalf of Ruby Bradshaw. Mrs. Frank asked Batey if there was any type of time limit problem with her claim. Batey answered Mrs. Frank's question by representing that there was no time problem with her claim. He further represented that he would pay Mrs. Frank's claim after she exhausted her personal injury protection funds, after treatment was finished, and after all of her medical bills were received.

Batey paid the claim for property damage to the Franks' automobile. He also sent letters to Mrs. Frank asking her to submit medical bills to him. In June 1989, the Franks forwarded medical bills to Batey and requested partial payment. Batey continued to send periodic letters to the Franks, requesting that they forward any additional medical bills. In June 1990, the Franks again forwarded medical bills to Batey. In a letter accompanying these bills, Mrs. Frank notified Batey she was planning to have additional tests, and she would forward those bills as they were received. After forwarding additional bills in April 1991, Mrs. Frank received a letter from Batey informing the Franks that the statute of limitations had passed and he would not pay any more claims or expenses. The Franks contacted an attorney and filed suit in July 1991.

The Bradshaws moved for summary judgment on the ground of limitations. Accompanying this motion were the Franks' original pleadings, a copy of the applicable statute of limitations, TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.1995), and excerpt deposition testimony from Betty Jo Frank.

In response to the Bradshaws' summary judgment, the Franks defended on the ground that the Bradshaws were equitably estopped from asserting limitations as a bar to their claims for damages. Accompanying this response were affidavits from Betty Jo and Gene Frank in which they asserted that Rusty Batey had made representations to them that he would handle their claims and there would be no time problems with their claims. The trial court granted the Bradshaws' motion for summary judgment, and the Franks appealed.

■ Summary judgment is proper only when the movant establishes that no issue of material fact exists. *Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 261–62 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

When summary judgment is sought on the ground of limitations, the movant bears the burden to establish the bar of limitations. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Villages of Greenbriar*, 874 S.W.2d at 262.

When the face of a motion for summary judgment shows the action is barred by limitations, the nonmovant bears the burden of producing summary judgment evidence sufficient to raise a fact issue on the affirmative defense of estoppel. *Cook v. Smith*, 673 S.W.2d 232, 235 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *see also Gifford v. Bank of the Southwest*, 712 S.W.2d 182, 184 (Tex.App.—Houston [14th Dist.] 1986, no writ). A plaintiff may invoke equitable estoppel to prevent an opponent from pleading limitations if the opponent, his agent, or representatives make representations that induce the plaintiff to delay filing suit within the applicable limitations period. *Cook*, 673 S.W.2d at 235. Further, an adjuster acting for an insurance company may be considered to be the agent of the insured so as to estop the insured from setting up a statute of limitations. *Id.*

To avoid summary judgment, the nonmovant must produce summary judgment evidence sufficient to raise a fact issue on each element of the affirmative defense. *Villages of Greenbriar*, 874 S.W.2d at 262–63. On a claim of equitable estoppel, the nonmovant must raise a fact issue of: (1) a false representation or concealment of a material fact; (2) the representation was made with knowledge or the means of knowledge of the true facts; (3) the representation was made to a party without knowledge or the means of knowledge of the true facts; (4) the representation was made with the intention that it would be acted upon; and (5) the party to whom the representation was made relied upon or acted upon it to his prejudice. *Villages of Greenbriar*, 874 S.W.2d at 264; *Cook*, 673 S.W.2d at 235. If the nonmovant does not raise a fact issue as to every element of the defense, summary judgment is proper. *Cook*, 673 S.W.2d at 235.

The Franks claim the Bradshaws are equitably estopped from asserting the limitation defense because (1) Batey never informed them of the two year statute of limitations,

he told them there was no time problem with their claims, and he would pay all claims when Mrs. Frank's personal injury protection had been exhausted and after all treatment was finished and bills were received; (2) Batey was aware of the two-year statute of limitations; (3) they did not know about a two-year statute of limitations; (4) when Batey told the Franks to send all their claims to him, Batey intended the Franks to rely on him; and (5) they relied on Batey's representations to their detriment.

In support of their claim, the Franks filed affidavits in response to the Bradshaws' motion for summary judgment. The affidavits of Betty Jo and Gene Frank set out the following facts:

1. The Franks were rear-ended on September 16, 1988;

2. An insurance adjuster for the Bradshaws' insurance company, Rusty Batey, contacted the Franks;

3. Several conversations were held between the Franks and Rusty Batey;

4. Rusty Batey did pay for the property damage caused to the Franks' car;

5. During the phone conversations with the Franks, Rusty Batey told Mrs. Frank he would pay all of her medical bills after she exhausted her personal injury protection funds and after her treatment was complete.

6. Rusty Batey specifically stated there was no time limit problem with the filing of the medical bills and the payment of their claims.

7. The Franks did know there was a two year statute of limitations on personal injury suits;

8. The Franks relied on the representations Rusty Batey made to them; and

9. After being informed that the insurance company would not pay the Franks' medical bills and claims because the statute of limitations had run, the Franks sought advice of counsel within a reasonable time afterwards.

The Franks rely on *Mandola v. Mariotti*, 557 S.W.2d 350, 351–52 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ denied), to

support their equitable estoppel claim. In *Mandola*, the plaintiff filed a lawsuit on September 5, 1975, based upon an automobile accident occurring on December 27, 1972. After the defendants asserted a statute of limitations defense, the plaintiff pled the defendant should be estopped from asserting the limitations defense by reason of certain representations made by the claims adjuster for the defendant's insurance carrier. *Id.* This Court reversed the trial court's granting of summary judgment for the defendant. It held that based on the plaintiff's affidavit, if the statements and actions of the adjuster were proved at trial, that would support a finding that the defendant was estopped to assert the statute of limitations as a defense. *Id.* The Franks assert, like in *Mandola*, that if the statements and actions of Rusty Batey proved true at trial, then the Bradshaws have not sustained their burden of showing there is no material issue of fact relating to its defense of limitations. *See also Cook*, 673 S.W.2d at 235.

The Bradshaws argue the summary judgment was proper for three reasons: (1) Rusty Batey was not the agent of the Bradshaws, (2) entering into settlement negotiations does not waive or toll the running of the statute of limitations, and (3) the Franks failed to raise an issue of fact on each element of estoppel.

■ The Bradshaws contend Batey was not an agent of the Bradshaws. They argue that although an adjuster *may* be an agent with authority to waive the statute of limitations under *Mandola*, one seeking to bind a principal through the apparent authority of an agent must prove conduct on the part of the principal that would lead a reasonably prudent person to suppose the agent had the authority he purported to exercise. *See Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422, 427 (1953). The Bradshaws argue the Franks did not prove conduct on the Bradshaws' part that would lead a reasonably prudent person to suppose Batey had the authority he purported to exercise. We disagree. First, the *Chastain* case deals with the apparent authority of a third party to bind his principal to a contract. *Id.* 257 S.W.2d at 423–24. It is inapplicable to this

case. Second, the Franks' affidavits state that Batey contacted them after the accident. Batey told them he was the adjuster for the Bradshaws' insurance company and he would be handling Mrs. Frank's claim on behalf of the Bradshaws. Batey could not have known to call the Franks unless the Bradshaws contacted their insurance company.

Furthermore, an insurance company is characterized as the agent of its insured when it

'assume[s] the responsibility to act as the exclusive and absolute agent of the assured in all matters pertaining to the questions in litigation, and, as such agent, it ought to be held to that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business . . . .'

*Mandola*, 557 S.W.2d at 352. We hold that Batey acted with apparent authority when he called and represented to the Franks that he would handle all claims relating to their accident with the Bradshaws, and therefore he was an agent for the Bradshaws. Summary judgment would not be proper on this ground.

■ The Bradshaws also argue Batey was merely engaging in settlement negotiations and that did not toll or waive the statute of limitations. *See Lockard v. Deitch*, 855 S.W.2d 104, 105 (Tex.App.—Corpus Christi 1993, no writ). In *Lockard*, the insurance adjuster had represented in writing to the plaintiffs, "once you have the final specials and medical reports to submit to us for evaluation, we will try and work towards a settlement with you." *Id.* at 105. The court held, "absent bad faith or fraud, settlement negotiations between a plaintiff and defendant do not constitute a waiver of the defendant's right to assert the statute of limitations." *Id.* at 106. The Bradshaws argue that Batey's requests for the Franks to send him their medical bills was no different than the request in *Lockard*, and therefore the statute of limitations was neither tolled nor waived. We disagree. The exchange between the Franks and Batey did not amount to settlement negotiations. Batey, unlike the agent in *Lockard*, did not tell the Franks once they submitted all their bills they would try and

come to some arrangement in handling them. Rather, Batey told the Franks if they sent him their claims, he would pay them. Therefore, because *Lockard* dealt with the issue of whether the statute of limitations was tolled or waived by settlement negotiations, it is inapplicable to this case. Summary judgment would not be proper on this ground, either.

██ Finally, the Bradshaws claim the Franks failed to offer summary judgment evidence of each element of the affirmative defense of estoppel. *See Villages of Greenbriar,* 874 S.W.2d at 264; *Cook,* 673 S.W.2d at 235. The Bradshaws argue there is no summary judgment evidence regarding the falsity of Batey's promise to pay Mrs. Frank's medical claims. They suggest Batey's refusal to pay after the limitations period expired is not evidence that he did not mean to pay the expenses at the time of his representation. We disagree. It would not be unreasonable for the Franks to believe Batey when he told them he would pay Mrs. Frank's medical bills when her personal injury protection fund was exhausted, whenever that would be. Further, if Batey intended only to pay Mrs. Frank's bills up until the statute of limitations expired, he did not expressly indicate this to Mrs. Frank at any time during their correspondence. Taken together with the representation that there was no time limit problem with Mrs. Frank's claim, Batey's promise to pay raises a fact issue regarding the falsity of the adjuster's representations.

The Bradshaws also argue the Franks offered no evidence that Batey intended for the Franks to rely upon his representations. We disagree. Mrs. Frank specifically asked Batey if she would face a time limit problem with her claims, and he answered no. Further, Mrs. Frank continued correspondence with Batey sending him all her medical bills for payment. This continued correspondence indicates there is at least a fact issue at to whether Batey intended for the Franks to rely on his representations.

Finally, the Bradshaws argue the Franks did not act with due diligence in not filing suit and relying on Batey's claims. *See Villages of Greenbriar,* 874 S.W.2d at 264. In *Villages of Greenbriar,* this Court held a party can be estopped from relying on the statute of limitations, however, the failure to file suit must be unmixed with any want of diligence on the plaintiff's part. *Id.* The use of *Villages of Greenbriar* as a standard for due diligence on the part of the Franks is misleading. The individuals allegedly taken advantage of in *Villages of Greenbriar* were attorneys and the plaintiffs were represented by attorneys when the statute ran. The parties were aware of the statute of limitations. In our case, Batey's representations could have allayed the Franks into waiting until the statute had run *before* they sought legal counsel and before they knew about the statute of limitations. Moreover, if the statements in the Franks' affidavits are proved at trial, the fact that the Franks asked Batey about any time problems on their claims would demonstrate they exercised diligence and concern as to whether they should take any action before a certain time. Therefore, a question of fact exists as to whether the Franks acted with diligence.

After considering the summary judgment proof and *Mandola,* we hold the summary judgment proof offered by the Franks does raise a fact issue on each element of estoppel. The statements and actions of Batey as relayed in the affidavits of Betty Jo and Gene Frank, if proved at trial, would support a finding that the Bradshaws are estopped from asserting the statute of limitations as a defense to the Bradshaws' action. *See Mandola,* 557 S.W.2d at 352–53. We hold the Franks have sustained their burden of raising a fact issue on each element of estoppel.

We sustain appellants' sole point of error.

We reverse the judgment and remand the case to the trial court.