

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00433-CV

_____

CHARLESZETTA YVONNE DELONEY, Appellant

V.

TODD KOSCELNIK AND SON, Appellees

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 19-3908-367

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

## I. Introduction

On May 12, 2017, Appellee Noah Koscelnik backed his truck into a car occupied by Appellant Charleszetta Deloney. According to Deloney, the injuries she suffered as a result of this collision required her to undergo two knee surgeries. On the eve of limitations,[1] Deloney, acting pro se,[2] filed an original petition alleging negligence against both Noah and his father—Appellee Todd Koscelnik[3]—and Travelers Insurance, the Koscelniks' insurance provider.[4]

---

[1]Deloney filed her lawsuit on April 30, 2019.

[2]A pro se litigant is held to the same standards as licensed attorneys and must comply with rules of procedure. *Thomas v. Logic Underwriters, Inc.*, No. 02-16-00376-CV, 2017 WL 5494386, at *3 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.).

[3]Deloney's pro se pleadings are challenging to decipher. In her "Amendment Plaintiff's Original Petition," she sued "Todd Koscelnik and Son," without providing a name for the "Son," and complained that Todd was the "responsible parties of son action" but later alleged that the vehicle was "operated by Defendant Todd Koscelnik, under age child." Likewise, the Koscelniks answered the lawsuit as "Todd Koscelnik and Son" and did not specially except to the petition's defects. *See* Tex. R. Civ. P. 90. In their summary judgment motion, they pointed out that "by way of clarification, Plaintiff's Original Petition fails to indicate whether Todd Koscelnik and Son are two individuals or a single entity," but for purposes of the summary judgment motion, "assumed Todd Koscelnik and Son [were] two individuals." On appeal, the parties seem to agree that Noah was the driver and that Todd is Noah's father.

[4]Travelers filed its original answer and a Rule 91a motion to dismiss on May 29. In its Rule 91a motion, Travelers argued that there was no basis in law for Deloney's lawsuit against it because of the "No Direct Action" rule, i.e., that Deloney could not sue Travelers directly until the Koscelniks' liability had been determined. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 525 (Tex. 2014) (orig. proceeding) (per curiam). The

In three issues, Deloney complains that a fact issue regarding due diligence, equitable estoppel, and a special relationship between the Koscelniks and Travelers should have precluded summary judgment. Because the summary judgment response upon which Deloney relies was filed late and without leave of court, and because she waived her equitable estoppel and special relationship arguments by failing to raise them in the trial court, we will affirm.

## II. Background

Deloney served Travelers with citation on May 1, but the parties agree that the Koscelniks were not served until July 24, twelve days after Travelers had been dismissed from the suit. *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). One week later, the Koscelniks—represented by the same attorney who had represented Travelers—filed their original answer, raising the affirmative defense of limitations. Shortly thereafter, they filed a traditional motion for summary judgment, arguing that Deloney had failed to diligently pursue service when she served them on July 24, more than two months after limitations had expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). The Koscelniks attached evidence showing that the accident occurred on May 12, 2017 (Deloney's medical records and two notices of representation from

---

trial court granted Travelers's motion on July 12. Travelers is not a party to this appeal.

3

Deloney's first and second retained counsel), as well as a March 4, 2019 letter from Travelers to Deloney, advising her of the two-year limitations period.

Deloney waited until two days before the October 25, 2019 summary judgment hearing to file her response to the motion, and the following day—one day before the summary judgment hearing—she filed an amended response.[5] In her summary judgment response, to which no competent summary judgment proof was attached,[6] Deloney asserted multiple times that she had diligently attempted to serve the Koscelniks, including that

> Plaintiff is not adding new case, just modification to fit purpose. Plaintiff tried multiple times to serve Defendant. Through Traveler Ins. Co. and Pro se to Attorney, Attorney intercept and answer Petition. And now through constable for Defendant. Plaintiff has point to reasonable afford and raise facts showing diligence serving Defendants.

---

[5]The record does not contain Deloney's original summary judgment response, filed on October 23, 2019. However, at the hearing, Deloney said that she had filed the amended response on October 24 because the first response had lacked a signature page.

[6]Deloney attached to her response her amended petition and 61 pages of medical bills and records with no supporting affidavits. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 488 (Tex. App.—Eastland 2012, no pet.) ("[U]nauthenticated or unsworn documents do not constitute competent summary judgment evidence."); *cf.* Tex. R. Civ. P. 166a(f).

Deloney also alleged in her response that Travelers had "stated they will contact their client the defendants of petition file on April 30, 2019."[7] Other than this statement and her general statements that she used diligence in attempting service, Deloney provided no other explanation for why she failed to serve the Koscelniks until more than two months after limitations had expired, nor did she raise any other defenses to limitations.

The Koscelniks' attorney objected to Deloney's response, complaining that it had been "filed and responded to outside of the deadline necessary to respond to the summary judgment," and he moved to exclude her summary judgment evidence. The trial court granted the summary judgment motion. In its order, the trial court stated that the motion was granted "[a]fter considering the pleadings, the motion, the evidence on file, and arguments of the parties."

### III. Discussion

In three issues, Deloney argues that (1) a fact issue regarding due diligence precluded summary judgment, (2) the Koscelniks were equitably estopped from asserting limitations, and (3) a special relationship between the Koscelniks and Travelers existed that should have precluded summary judgment on limitations.

---

[7]Deloney later relied upon this statement to argue that Travelers's attorney had agreed to "handle" service for the Koscelniks.

5

## A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## B. The Summary Judgment Evidence

We must first address what was properly before the trial court as summary judgment evidence. Deloney contends that her response should be considered as part of the summary judgment record despite her failure to obtain leave when filing her response fewer than seven days before the hearing. And, according to Deloney, if we considered her response and the attachments thereto, we would find that she

6

"established due diligence" in effectuating service. We disagree with both contentions.

To be timely, a summary judgment response must be filed and served at least seven days before the hearing. *See* Tex. R. Civ. P. 166a(c). For an untimely response to be considered by the court, leave of court is required. *See id.*; *B.C. v. Steak N Shake Operations*, 598 S.W.3d 256, 259 (Tex. 2020). And if there is nothing in the record to suggest that the trial court granted leave, then we "must presume that the trial court did not consider [the untimely response]." *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

Deloney argues that the record suggests that the trial court considered her response because it failed to rule on the Koscelniks' objection to her late-filed response at the summary judgment hearing. We reject this argument for three reasons.

First, embracing Deloney's argument would require us to reverse the presumption articulated by *INA* and hold that because the record was silent, we presume that Deloney's late filed response *was* considered. *See id.*

Second, the record suggests just the opposite. At the hearing's outset, both the trial court and the Koscelniks' counsel expressed surprise upon learning about the amended response. And, after the trial court pointed out that the amended response had not yet been entered into the computer filing system, the Koscelniks' attorney objected to the trial court's consideration of it:

THE COURT:  Okay.  This was yesterday?

MS. DELONEY:  Yes, I had to go back and sign --

. . . .

THE COURT:  Okay.  Because it's not in the Odyssey system yet. It may have been -- did you just file-stamp it downstairs?

MS. DELONEY:  I -- I did that yesterday . . . .

. . . .

(A document was tendered to Appellees' counsel.)

[Appellee's counsel]:  I would argue to the Court that in response, if this is as presented by Plaintiff, a response to our summary judgment, it was filed and responded to outside of the deadline necessary to respond to the summary judgment.  I would accordingly move th[e] Court to exclude this as summary judgment evidence.  However, it doesn't -- yeah, I've never seen this document before.

While Deloney is correct—the trial court did not rule on the Koscelniks' objection—the trial court did at least suggest to Deloney that it would sustain the objection:

THE COURT:  Okay.  Here's a -- here's a problem with representing yourself:  If you don't know what you need to do, then you get poured out at court.  If you don't know when things are due or what you have to do to stay in court -- you know, you've got an attorney on the other side of you.  He's probably done 25 more of these than you've done, probably 25 more than I've done, okay?

MS. DELONEY:  (Laughing) Yes, ma'am.

THE COURT:  But I have to hold you to the very same standard. You got to know what you're doing.  I'm looking at these; they're not even signed.  I mean, that's -- that was --

8

MS. DELONEY: That's why I had to go back and -- that's why I had to go back and do a second amendment, to -- to make sure the signed copy got in there.

THE COURT: Okay. Can I take a look at yours? I don't know if you -- you're using it right now, but the one that --

[Appellees' counsel]: (Overlapping) This? Yes.

THE COURT: Yeah, Because it's not even in -- in Odyssey right now. Okay?
There are time frames for everything in court . . . .

As to Deloney's additional argument that the trial court's failure to rule on the Koscelniks' objection waived any objection to the late-filed response, this argument would turn Rule 166a(c) on its head. The objection was not necessary in the first place. It was Deloney's burden to obtain leave from the trial court to file her untimely response, not the Koscelniks' burden to raise an objection. *See* Tex. R. Civ. P. 166a(c); *INA of Tex.*, 686 S.W.2d at 615.

And as to Deloney's argument that the trial court's order granting summary judgment suggests that the trial court considered her late-filed response, again, the judgment suggests just the opposite. Specifically, Deloney points to the recitation in the judgment that the court considered "the pleadings, the motion, the evidence on file, and arguments of the parties." We disagree that the recitation supports her position.

First, Deloney's response fell within none of the four categories identified in the order—it was not a pleading, a motion, evidence, or argument. It was a response.

9

*See* Tex. R. Civ. P. 166a(c) (providing that leave of court is required to file "opposing affidavits or other written *response*" no later than seven days prior to the summary judgment hearing date) (emphasis added). Thus, under a plain reading of the order, there is no suggestion that Deloney's response was considered.

Second, the omission of "response" from the list of documents that the trial court specified it considered is a significant indicator that the trial court did not consider the response. Because at the time the trial court signed the order, the trial court was fully aware that Deloney had filed an untimely response, its exclusion from the list of documents considered signals that the trial court deliberately did not consider it in the decision-making process.

Accordingly, we will not consider Deloney's amended response, or the unsworn documents attached to it, as part of the summary judgment record.

## C. Diligence

In her first issue, Deloney argues that the trial court erred by granting summary judgment because she used due diligence in effectuating service upon the Koscelniks.

When a lawsuit is filed within the limitations period but the defendant is served after limitations has expired, the date of service may relate back to the date of filing if the plaintiff shows the exercise of due diligence in effectuating service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Flanigan v. Nekkalapu*, No. 02-20-00024-CV, 2020 WL 6498525, at *3 (Tex. App.—Fort Worth Nov. 5, 2020, no pet. h.).

10

In a traditional summary judgment proceeding, once the defendant proves that service occurred after the expiration of limitations, the burden shifts to the plaintiff to explain the delay and to raise a fact question regarding diligence of service. *Flanigan,* 2020 WL 6498525, at \*3; *Butler v. Skegrud,* No. 02-14-00168-CV, 2015 WL 4148474, at \*2 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.). To raise a fact issue on diligence, the plaintiff must explain "every lapse in effort or period of delay." *Flanigan,* 2020 WL 6498525, at \*3 (quoting *Proulx v. Wells,* 235 S.W.3d 213, 216 (Tex. 2007)). And although the question of diligence is typically a fact question, it can be resolved as a matter of law if "one or more lapses between service efforts are unexplained or patently unreasonable." *Proulx,* 235 S.W.3d at 216.

Personal injury suits are subject to a two-year limitations period. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). The summary judgment evidence here establishes that Deloney was injured on May 12, 2017, starting a limitations period that ended May 12, 2019, and that she served the Koscelniks on July 24, 2019, which was more than two months after the limitations period had run. In light of her failure to obtain leave to file her late response and its attached evidence, Deloney failed to provide any summary judgment evidence to meet her burden of raising a fact issue in explaining this two-month delay.

Even if we were to consider her late-filed response and its attachments, they provide no support for her argument that Travelers promised to effectuate service on the Koscelniks. Deloney attached her amended petition and some medical bills and

11

records, none of which raise a fact issue about whether the insurance company made such a representation to her.  *See Laidlaw Waste Sys., Inc.*, 904 S.W.2d at 660 (stating that pleadings are not competent summary judgment evidence).  In the absence of any summary judgment evidence of this fact, this argument fails.  *See Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 121 & n.2 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that when the plaintiff presented no evidence that the parties agreed to delay service in order to resolve the case, nonmovant did not raise a fact issue regarding due diligence).  We overrule Deloney's first issue.

## D.  Equitable Estoppel

In her second issue, Deloney brings a new argument on appeal:  that the Koscelniks were equitably estopped from asserting limitations because the insurance company induced her into allowing the limitations period to pass before effectuating service on the Koscelniks.  Generally, we do not consider arguments raised for the first time on appeal, as "[o]nly issues expressly presented to the trial court by written motion, answer, or other response may be considered on appeal."  *Roadside Stations, Inc. v. 7HBF, Ltd.*, 904 S.W.2d 927, 930 (Tex. App.—Fort Worth 1995, no writ) (op. on reh'g) (holding that appellant waived issue by failing to present it in summary judgment response).  But Deloney argues that because she raised the equitable estoppel issue at the summary judgment hearing and in her summary judgment response, the issue of equitable estoppel is properly before this court.

Equitable estoppel is an affirmative defense that is waived if it is not pleaded. *See* Tex. R. Civ. P. 94; *In re S.A.P.*, 156 S.W.3d 574, 576 (Tex. 2005). Here, Deloney failed to plead equitable estoppel in her amended petition. For that reason alone, she waived her equitable estoppel defense.

Furthermore, to defeat the Koscelniks' summary judgment motion, Deloney was required to submit summary judgment evidence to raise a fact issue on the defense of equitable estoppel. *See Cook v. Smith*, 673 S.W.2d 232, 235 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). Again, even if we were to consider the attachments to her late-filed response as proper summary judgment evidence (which we do not), neither her medical bills and records nor her pleading provide evidence of this defense. *See Laidlaw Waste Sys., Inc.*, 904 S.W.2d at 660 (stating that pleadings are not competent summary judgment evidence).

In the absence of any affidavits or other competent summary judgment evidence, there is nothing to establish a fact issue. *See Cook*, 673 S.W.2d at 234–35 (stating that nonmovant's uncontradicted affidavit regarding representations made by insurance company was enough to establish fact issue); *Frank v. Bradshaw*, 920 S.W.2d 699, 701–03 (Tex. App.—Houston [1st Dist.] 1996, no writ) (holding that nonmovant's affidavits regarding insurance company's representations were enough to establish fact issue). We overrule Deloney's second issue.

## E. Special Relationship

In her third issue, Deloney brings a second new argument on appeal, that a "special relationship" between Travelers and the Koscelniks precluded summary judgment. The argument is not only new, it is also novel. She contends that because she pleaded that the Koscelniks owned the insurance policy, that Travelers told her "that they would contact their client regarding the Petition," and that both Travelers and the Koscelniks were represented by the same attorney, the issue of a special relationship was properly before the trial court.[8]

But contrary to her assertions, Deloney pleaded neither that the Koscelniks owned the insurance policy nor that Travelers had made any representation about contacting the Koscelniks. In fact, Travelers is not mentioned at all in the amended petition. While her allegations were included in her summary judgment response,[9] a

---

[8]In support of this proposition, Deloney cites to *Kenyon v. Elephant Ins. Co.*, No. 04-18-00131-CV, 2020 WL 1540392, at \*7 (Tex. App.—San Antonio Apr. 1, 2020, pet. filed) (op. on reh'g en banc). However, in *Kenyon*, the court held that even though the appellant did not use the phrase "special relationship," based on the record in that case, she still raised the issue in the trial court and adequately briefed the issue on appeal. *Id.* at \*7 & n.4 (noting that the opposing party "repeatedly demonstrated it has understood Kenyon's use of the term 'common law negligence' as referring to the negligence claim based on the alleged special relationship"). *Kenyon* is easily distinguishable from the facts here because Deloney wholly failed to present the issue to the trial court at the summary judgment hearing or during any other phase of the proceedings.

[9]As discussed previously, we are not considering Deloney's summary judgment response because it was late-filed without leave of court.

14

summary judgment response is not a pleading.  *See* Tex. R. Civ. P. 45(a); *Elliott v. Elliott*, 797 S.W.2d 388, 392 (Tex. App.—Austin 1990, no writ) (stating that motion and response to motion are not pleadings).

In the alternative, Deloney argues that even if she did not properly plead the issue, the Koscelniks consented to her special-relationship issue by not objecting to her argument regarding the special relationship at the summary judgment hearing. The most glaring problem with this argument is that Deloney did not raise her special-relationship argument at the hearing.  Consequently, even assuming that we accepted the premise of Deloney's argument, there was no opportunity for the issue to be tried by consent and nothing for the Koscelniks to object to.  We overrule her third issue.

## F.  Waiver

Finally, Deloney repeatedly states in her brief that by answering the suit, the Koscelniks waived any issues regarding service.  And, at the end of her brief, Deloney summarizes that "Appellees waited until limitations had run and then filed an answer. Once the Koscelniks filed their answer, they waived any defects in the manner of service.  As such, the Koscelnik[s'] Motion for Summary Judgment should have been denied."  In context, Deloney appears to argue that by filing an answer, the Koscelniks waived any complaint as to lack of diligence in service and that, therefore, their summary judgment motion should have been denied.

We agree that the general rule of law is that filing an answer to a lawsuit waives any defects in the manner of service.  *Phillips v. Dall. Cnty. Child Protective Servs. Unit*,

15

197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied). But Deloney cites to no authority for extending this general rule into the realm of law regarding diligence in service of citation after limitations has run. Nor does she advocate for the modification or reversal of existing law. And, indeed, embracing such an argument would require wholesale modification and reversal of existing law.

First, failure to use diligence in service is not a "defect in service" as that term has been used in the law. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (noting that substituted service that was not properly authorized is a defect in service); *Chase Manhattan Mortg. Co. v. Windsor*, No. 2-05-427-CV, 2006 WL 1174209, at *1 (Tex. App.—Fort Worth May 4, 2006, no pet.) (mem. op.) (stating that return of service not filled out by service officer is a defect in service); *Vespa v. Nat'l Health Ins.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.) (holding that failing to strictly follow the trial court's instruction for substituted service is a defect in service); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied) (stating that return receipt not signed by addressee is a defect in service).

Second, and more importantly, limitations is an affirmative defense that must be pleaded to be invoked. *See* Tex. R. Civ. P. 94; *Godoy v. Wells Fargo Bank, N.A*, 575 S.W.3d 531, 536 (Tex. 2019) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155–56 (Tex. 2015)). Because the filing of any pleading—other than a plea to the jurisdiction or motion to transfer venue—waives all defects in service, *see* Tex. R. Civ. P. 121, if failing to use diligence after limitations has run is a defect in service subject

16

to waiver, then it could never be raised in the context of limitations. The act of raising the limitations defense would automatically relieve the plaintiff of her burden to demonstrate diligence in service. *Cf. Butler*, 2015 WL 4148474, at \*2 (stating that after defendant affirmatively pleads limitations, the plaintiff must present evidence to raise a fact issue regarding diligence). In other words, by answering the lawsuit, which a defendant is required to do to assert limitations, a defendant would simultaneously waive the opportunity to prevail on its limitations defense. We cannot accept an argument that would lead to such an absurd result.

In her reply brief, Deloney appears to retreat from this position by claiming that the numerous waiver-of-defects-in-service-by-answering references in her brief merely "factually noted that the filing of the answer mooted defects in service, not as to limitations." At any rate, to the extent that this argument has not been abandoned, we overrule it.

## IV. Conclusion

Having overruled all of Deloney's issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: December 10, 2020

17