ACCEPTED
04014-00729-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/4/2015 12:03:46 PM
KEITH HOTTLE
CLERK

## NO. 04014-00729-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/4/2015 12:03:46 PM
KEITH E. HOTTLE
Clerk

## IN THE
## FOURTH COURT OF APPEALS
## SAN ANTONIO, TEXAS

**JEREMIAH TROMBLY,**
**Appellant,**
**V.**
**DEPARTMENT OF THE AIR FORCE,**
**Appellee**

**Appeal from the 198th Judicial District Court,**
**Bandera County, Texas**
**Trial Court No. CV-14-0000304**

**APPELLEE'S BRIEF**
**FEBRUARY 4, 2015**

**RICHARD L. DURBIN, JR.**
ACTING UNITED STATES ATTORNEY

By:     */s/Robert Shaw-Meadow*
   **ROBERT SHAW-MEADOW**
   Assistant United States Attorney
   Texas Bar No. 18162475
   601 N.W. Loop 410, Suite 600
   San Antonio, Texas  78216
   Telephone: (210) 384-7355
   Facsimile:   (210) 384-7312
   Rob.shaw-meadow@usdoj.gov
   ATTORNEYS FOR APPELLEE

## IDENTITY OF PARTIES AND COUNSEL

**Judge Presiding at Trial:**

The Honorable M. Rex Emerson
198th Judicial District Court, Bandera County, Texas

**Plaintiff and Appellant:**

JEREMIAH TROMBLY

**Defendant and Appellee:**

DEPARTMENT OF THE AIR FORCE

**Appellee's Counsel on Appeal:**

Robert Shaw-Meadow
Assistant United State Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

**Defendant's Trial Counsel:**

No appearance necessary or made

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................i

TABLE OF CONTENTS................................................................................. ii

TABLE OF AUTHORITIES ........................................................................iv

STATEMENT OF THE CASE.........................................................................2

ORAL ARGUMENT .......................................................................................2

ISSUES PRESENTED ON APPEAL..............................................................2

STATEMENT OF FACTS ..............................................................................3

SUMMARY OF ARGUMENT .......................................................................4

ARGUMENT ...................................................................................................5

Issue No. 1- Trombly has failed to file a brief in compliance with the Texas
Appellate Rules and thus any issues raised are waived due to inadequate
briefing ...........................................................................................................5
   A. Trombly's Brief Fails Because It Contains No Record Citations ...................6
   B. Trombly's Appeal Should be Dismissed for Want of Prosecution
      Because He Has Failed to Provide Any Argument Setting Out What
      Errors Were Allegedly Committed By the Trial Court. Tex R. App. P.
      38.1(5), (8) ..........................................................................................8

Issue No. 2- The trial court's decision dismissing Trombly's Petition for
review for lack of jurisdiction should be affirmed ...................................11
   A. Trombly's Petition for Review Was 17 Days Too Late................................13
   B. Trombly's Petition for Review Failed to Name or Serve the Texas
      Workforce Commission as a Necessary Party..............................................15

PRAYER ...................................................................................................17

CERTIFICATE OF SERVICE ................................................................18

CERTIFICATE OF COMPLIANCE.......................................................18

# TABLE OF AUTHORITIES

**State Cases**

*Barrack v. Washington Mutual*, No. 14-05-01220-CV,
   2007 WL 1215784 (Tex.App.—Houston [14th Dist.]
   Apr. 26, 2007, no pet.) ................................................................................12

*Berardinelli v. Pickels*, No. 05-12-01390-CV,
   2014 WL 6560029 (Tex. App.—Dallas Oct. 23, 2014, no pet.) ......................10

*Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893
   (Tex. App.—Dallas 2010, no pet.)............................................................ 7, 9, 11

*Canton-Carter v. Baylor College of Medicine*, 271 S.W.3d 928
   (Tex. App. —Houston [14th Dist.] 2008, no pet.)..............................................9

*Castillo v. Peeples*, No. 04-13-00311-CV, 2014 WL 1089750
   (Tex. App.—San Antonio Mar. 19, 2014, pet. denied) ..................................7, 10

*Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279 (Tex. 1994)..........9

*Hernandez v. Tex. Workforce Comm'n*, No. 01-09-01085-CV,
   2011 WL 346291 (Tex. App. Houston—[1st Dist.] Feb. 3, 2011,
   no pet.)(mem. op.)...................................................................................... 14, 16

*Hornbuckle v. Bank of America, N.A.*, No. 02-12-00223-CV,
   2013 WL 452183 (Tex. App.—Fort Worth  Feb. 7, 2013, pet. denied)..............10

*Lockard v. Deitch*, 855 S.W. 2d 104
   (Tex. App.—Corpus Christi 1993, no writ).......................................................15

*Lott v. First Bank, No.* 04-13-00531-CV, 2014 WL 4922896
   (Tex. App.—San Antonio, Oct. 1, 2014, no pet.)................................................10

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex. 1978).....................................11

*Marin Real Estate Partner v. Vogt*, 373 S.W.3d 57
    (Tex. App. – San Antonio 2011, no pet.).................................................6, 10

*Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459
    (Tex. App.—Corpus Christi Oct. 30, 2014, no pet.) ...........................................10

*Prairie View A&M Univ. v. Chathra*, 381 S.W.3d 500 (Tex. 2012).......................14

*Richardson v. Tex. Workforce Comm'n*, 2014 WL  2538621
    (Tex. App.—Houston [1st Dist.] 2014 pet. denied) ...........................................14

*Stoker v. Tex. Workforce Comm'n*, 402 S.W.3d 926
    (Tex. App.—Dallas 2013, no pet.)...................................................................16

*Tex. Workforce Comm'n v. Smith*, No. 14-11-00003-CV, 2011 WL 4507077
     (Tex. App.—Houston [14th Dist.] Sept. 29, 2011, no pet.)(mem. op.).............14

*Valadez v. Auitia*, 238 S.W.3d 843 (Tex. App.–El Paso 2007, no pet.).............4, 10

*Villages of Greenbriar v. Torres*, 874 S.W.2d 259
    (Tex.  App.—Houston [1st Dist.] 1994, writ denied).......................................14

## **State Rules**

Tex. R. App. P. 9.5(d), and (3) ...............................................................................6

Tex. R. App. P. 38.1.................................................................................................5, 7

Tex. R. App. P. 38.8(a) ...........................................................................................10

Tex. R. App. P. 38.9(a) .............................................................................................6

Tex. R. App. P. 42.3(b) ...........................................................................................10

Tex. R. App. P. 42.3(c) ...........................................................................................10

**Statutes**

Texas Labor Code § 212.201 ...................................................... 12, 13, 15

Texas Labor Code § 212.206 ............................................................ 15, 16

**Other Authorities**

40 Tex. Admin. Code § 815.17 ..................................................................8

NO. 04014-00729-CV

IN THE
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

JEREMIAH TROMBLY,
Appellant,
V.
DEPARTMENT OF THE AIR FORCE,
Appellee

Appeal from the 198th Judicial District Court,
Bandera County, Texas
Trial Court No. CV-14-0000304

APPELLEE'S BRIEF

The Department of the Air Force hereby submits its Appellee's Brief, in response to the January 1, 2015 Brief for Appellants. For clarity, Appellee will be referred to as "the Air Force" and Appellant will be referred to as "Trombly." Citation to the Clerk's Record and the Clerk's 1st Supplemental Record will be abbreviated as (**CR_____**) **and (SCR ____).**[1] Citation to Appellee's Appendix will be **(AF APPX ___)**.

---

[1] For the Court's convenience, the Clerk's Record and Supplemental Record are attached in the Air Force's Appendix. The Clerk's Records received by the Air Force were not numbered. The Air Force has added page numbers in the Appendix in the bottom right corner. These page numbers refer to the page numbers in the respective pdf files. Four items are included in the Appendix: 1) Clerk's Record; 2) Clerk's 1st Supplemental Record; 3) Texas Labor Code excerpts; and, 4) Court's Order of November 25, 2014; and 5) Clerk's letter dated December 29, 2014.

1

## STATEMENT OF THE CASE

This is an appeal challenging a decision by the 198th District Court dismissing Jeremiah Trombly's Petition for Review from a ruling by the Texas Workforce Commission ("TWC") denying him unemployment compensation benefits. **(AF APPX 1, CR 4-5)**. The trial court *sua sponte* dismissed the case for lack of jurisdiction because it was untimely and all necessary parties had not been properly served. **(AF APPX 1, CR 10)**.

## ORAL ARGUMENT

Oral argument is not requested. The Air Force does not believe it would benefit the Court.

## ISSUES PRESENTED ON APPEAL[2]

### ISSUE NUMBER 1:

Trombly has failed to comply with the appellate briefing rules and thus has waived any argument on appeal.

---

[2] The issues Trombly attempts to present in his brief should not be reached by the Court because they address the underlying merits of the TWC's determination to deny benefits, and are not supported by any evidence or record citations. See Brief for Appellant, p. v. Although there is nothing in the record regarding the underlying TWC proceedings, the Air Force adamantly denies that it committed perjury or misled Trombly in settlement negotiations as alleged.

2

**ISSUE NUMBER 2:**

The trial court was correct in dismissing the case for lack of jurisdiction and the decision should be affirmed.

**STATEMENT OF FACTS**

On September 26, 2014, Trombly filed a Petition for Review of an August 12, 2014, unemployment compensation decision from the TWC and served a copy of the petition on the Air Force by mail.  The TWC was not served.  **(AF APPX 1, CR 4-5).**  On October 9, 2014, the district court dismissed the petition for want of jurisdiction, finding that the Petition "was not timely filed and that all necessary parties were not served." **(AF APPX 1, CR 10**).  Trombly initiated this appeal on October 29, 2014, alleging he was entitled to a review of the benefits denial decision by the TWC.  **(AF APPX 1, CR 11)**.

Trombly filed his [first] appellate brief on November 24, 2014.   On November 25, 2014, this Court ordered the brief stricken for Trombly' s multiple violations of Tex. R. App. P. 38.1.  Trombly was ordered to file an amended brief in compliance with the applicable rules by December 29, 2014. (*See* Order of November 25, 2014) (**AF APPX 4**).

Trombly filed his [second] brief on December 29, 2014.  This second brief was verbatim identical to the brief he filed on November 24.  Also on December 29, 2014, the Clerk notified Trombly that this brief was deficient, but did not order

rebriefing. Trombly was again put on notice that this Court could consider his appellate complaints "waived due to inadequate briefing if the noted deficiencies are not corrected prior to submission." On January 1, 2015, Trombly filed his third and final "Brief for Appellants."

## SUMMARY OF ARGUMENT

This Court should summarily affirm the trial court's dismissal because Trombly has failed to comply with clearly settled appellate briefing rules; because Trombly has admitted that his Petition for Review was untimely; and, because Trombly failed to name or serve the TWC as a necessary party.

The Court has given Trombly three bites at the apple and he still has not complied with the Texas Rules of Appellate Procedure. Notwithstanding his unrepresented status, "the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs." (Order of November 25, 2014) (citing *Valadez v. Auitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.) (**AF APPX 4**). Trombly's brief is deficient, *inter alia*, because it does not once cite the record, and because he has failed to provide any argument setting out what error was committed by the District Court. Rather, it is apparent that Trombly wishes to improperly use this appellate forum to raise issues which should have been raised to the District Court. Having failed to timely and

4

effectively present these issues to the District Court, Trombly may not raise them for the first time on appeal.

In the alternative, and only if the Court rules that Trombly has not waived all issues on appeal because of his deficient briefing, the Court should affirm the 198th District Court's decision that Trombly's untimely filing and failure to serve the TWC deprived it of jurisdiction.

## ARGUMENT

**Issue No. 1** - Trombly has failed to file a brief in compliance with the Texas Appellate Rules and thus any issues raised are waived due to inadequate briefing.

In its Order of November 25, 2014, the Court found, *inter alia*, that Trombly's submission flagrantly violated Tex. R. App. P. 38.1 because it did not include:

(5) a brief statement of facts of the issues presented setting out **what errors were allegedly committed by the trial court**;

(6) include a statement of facts **with record references**;

(8) argument **with appropriate citation to authorities and the appellate record**; [or]

(10) an appendix

(Order of November 25, 2014, p. 1) (emphasis added) (**AF APPX 4**).

5

The Court further found that Trombly's brief was deficient because a certificate of service was not included as required by Rule 9.5(d), and (3). (Id. at p. 2). Trombly was specifically warned that:

> If the amended brief does not comply with this order we 'may strike the brief, prohibit (appellant) from filing another, and proceed as if (appellant) had failed to file a brief.' …R. 38.9(a) … Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g.*, *Marin Real Estate Partner v. Vogt*, 373 S.W.3d 57, 75 (Tex. App. – San Antonio 2011, no pet.) …
>
> [W]e cannot discern from appellant's brief the nature of the action, the relief granted or denied below, nor the exact nature of the complaints appellant is asserting on appeal.

(Order of November 25, 2014, at p. 2).

Although Trombly corrected some of the deficiencies enumerated in the Court's Order of November 25, 2014, the January 1, 2015 Brief for Appellants does not include a Certificate of Service; an Appendix; an explanation for how the trial court committed error, or **any** citation to the record. This last failure, standing alone, warrants dismissal of the appeal.

A. **Trombly's Brief Fails Because It Contains No Record Citations.**

The record in this case consists solely of 25 pages -- an 18 page record submitted by the District Clerk on October 24, 2014, and a 7 page Supplemental

6

Record submitted on November 3, 2014 **(See AF APPX 1 and 2)**. Not a single citation to the record is contained in the Brief for Appellants, or in Trombly's first two submissions.

In *Bolling v. Farmers Branch Indep. Sch. Dist*., 315 S.W.3d 893 (Tex. App.—Dallas 2010, no pet.), Plaintiffs were also proceeding pro se, and were attempting to challenge the assessment of delinquent property taxes. Although the Bollings' appellate brief contained several record citations, the appeal was nevertheless dismissed for failure to comply with the briefing requirements of the Texas Rules of Appellate Procedure:

> [To comply with rule 38.1], statements of fact must be supported by direct references to the record that are precise in locating the fact asserted. If record references are not made or are inaccurate, misstated or misleading, the brief fails.

315 S.W.3d at 896. *See also Castillo v. Peeples*, No. 04-13-00311-CV, 2014 WL 1089750, at *3 (Tex. App.—San Antonio Mar. 19, 2014, pet. denied) ("[D]espite two specific warnings from this court about the lack of citation to the record and its possible consequences, Castillo failed to include even a single citation to the appellate record. Accordingly, we hold his complaint is inadequately briefed, and therefore, waived.").

**B.** **Trombly's Appeal Should be Dismissed for Want of Prosecution Because He Has Failed to Provide Any Argument Setting Out What Errors Were Allegedly Committed By the Trial Court. Tex. R. App. P. 38.1(5),(8).**

This is the more fundamental flaw in Trombly's appeal. As the Court observed on November 25, "we cannot discern from appellant's brief the nature of the action, the relief granted or denied below, nor the exact nature of the complaints appellant is asserting on appeal." (Order of November 25, 2014, at p. 2) (**AF APPX 4**). After two further submissions, it is now clear that this action involves the denial of unemployment compensations benefits, but Mr. Trombly has utterly failed to set forth how the **trial court** committed any alleged errors.

Trombly refers to "40 TAC 815.17" on page v of his Brief regarding the standard of review for a **motion for rehearing**, but he fails to state what the trial court did in error or why the trial court's decision should be reversed. Furthermore, Trombly's disagreement with what transpired at his subsequent federal Merit System Protection Board hearing has nothing to do with his untimely Petition for Review in the Texas trial court.

Indeed, Trombly's only mention of the action taken by the 198th District Court appears on page vi of his final Brief:

> The District Court …summarily… dismissed the matter due to a time frame that was not met. The petition to the District Court indicated extenuating circumstances existed in that the

8

...Air Force...offered to 'settle the matter..., delaying any timely filing [of the Petition for Review].'

Nowhere does Trombly indicate that the District Court's dismissal on timeliness grounds, was error, however. Nor does Trombly even argue that the District Court had any discretion or authority to excuse his untimely filing or his failure to serve a necessary party. The standard of review referenced by Trombly sets forth the standard for how the TWC may grant a rehearing, and not how the 198th District Court should have reviewed Trombly's appeal from the TWC decision.

The appellant "must articulate the issue [the appellate court is] be[ing] asked to decide," and the Court must be able to "discern what question of law [it] will be answering." *Bollling*, 315 S.W.3d at 896. It is not the duty of this Court to search the record for facts that may be favorable to Trombly's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 283-84 (Tex. 1994) (cited with approval in *Bolling*). Nor is this Court responsible for identifying possible trial court error. *Canton-Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931 (Tex. App. —Houston [14th Dist.] 2008, no pet.) (also cited with approval in *Bolling*).

In this case, there can be no question that Trombly has filed a deficient final brief. The Court and the Clerk of the Court sent Trombly notification that his prior briefs were deficient. Specific deficiencies -- including Trombly's failure to cite a

9

single reference to the record or any argument about how the record supports his issues – were pointed out. *See* Order of November 25, 2014 at p. 2 (**APPX 4**); Clerk's Letter of December 29, 2014 (**APPX 5**). Similar failures have resulted in several courts dismissing appeals under Tex. R. App. P. 38.8(a), 42.3(b) and 42.3(c). *See, e.g., Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459, at *2 (Tex. App.—Corpus Christi Oct. 30, 2014, no pet.); *Berardinelli v. Pickels*, No. 05-12-01390-CV, 2014 WL 6560029, at *3 (Tex. App.—Dallas Oct. 23, 2014, no pet.); *Hornbuckle v. Bank of America, N.A.*, No. 02-12-00223-CV, 2013 WL 452183 (Tex. App.—Fort Worth Feb. 7, 2013, pet. denied).

Relatedly, because Trombly has failed to comply with the Texas Rule of Appellate Procedure, the Court Order and the Clerk's instruction, such failure operates as a waiver of any issue on appeal, and this appeal should be dismissed for want of prosecution under Tex. R. App. P. 42.3(b) and Tex. R. App. P. 42.3(c). *See*, *e.g.*, *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.) (inadequate briefing waives the issue); *Lott v. First Bank*, *No.* 04-13-00531-CV, 2014 WL 4922896, at *2 and *4 (Tex. App.—San Antonio, Oct. 1, 2014, no pet.); *Castillo v. Peeples*, No. 04-13-00311-CV, 2014 WL 1089750, at *2 (Tex. App.—San Antonio, Mar. 19, 2014, pet. denied).

Trombly's pro se status does not rescue his appeal from dismissal. A party to civil litigation in Texas has the right to represent himself at trial and on appeal. *Bolling,* 315 S.W.3d at 895. But this right carries with it the responsibility to adhere to rules of evidence and procedure, including the rules of appellate procedure if the party chooses to represent himself at the appellate level. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-185 (Tex. 1978); *Bolling*, 315 S.W.3d at 895. Courts regularly caution pro-se litigants -- as has this Court repeatedly -- that they will not be treated differently from a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184-85; *Bolling*, 315 S.W.3d at 895.

Under these circumstances, where the Court cannot discern what questions of law it will be answering, and it must speculate about what contentions are being made, the brief fails and must be dismissed for failure to comply with the appellate rules. *Bolling*, 315 S.W.3d at 896, 897.

**Issue No. 2** – The trial court's decision dismissing Trombly's Petition for Review for lack of jurisdiction should be affirmed.

As set forth in the Air Force's Summary of Argument, there is no need for the Court to even reach this second issue because Trombly failed to comply with appellate briefing rules. Moreover, since Trombly has failed to file a brief in substantial compliance with the Texas Rules of Appellate Procedure, this Court

11

may regard the Air Force's brief as correctly presenting the case. *Barrack v. Washington Mutual*, No. 14-05-01220-CV, 2007 WL 1215784, at *2 (Tex.App.—Houston [14th Dist.] Apr. 26, 2007, no pet.).

If the Court deems it necessary to review the District Court's decision, however, it should be affirmed for two reasons: A) Trombly's Petition for Review was untimely; and, B) The Petition for Review failed to name or serve the TWC as a necessary party.

Trombly's final brief on appeal does not address the second issue at all, and only quickly mentions the timeliness issue. Trombly admits his Petition was late, fails to make any argument that the District erred in its jurisdictional ruling, and only claims – without citation to the record or to case authority – that the Air Force's alleged settlement offer presented "extenuating circumstances" which justified his late filing. (See Appellants' Brief at p. vi, quoted at pp. 8-9, supra).

It is undisputed that on September 26, 2014, Trombly filed a Petition for Review of a decision issued by the TWC on August 12, 2014. (**AF APPX 1, CR 4**). Trombly provided a copy of the Petition to the Air Force, but did not serve the TWC. (**AF APPX 1, CR 5**). On October 9, 2014, the 198th Judicial District Court, citing Texas Labor Code Chapter 212, dismissed Trombly's Petition as untimely filed and not for serving all the necessary parties, thereby depriving the Court of jurisdiction. (**AF APPX 1, CR 10**).

A. **Trombly's Petition for Review Was 17 Days Too Late.**

Texas Labor Code § 212.201(a) states: "A party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date."

According to Trombly's Petition for Review **(AF APPX 1, CR 4),** TWC issued its decision on or about August 12, 2014. TWC's decision became final 14 days thereafter, on August 26, 2014. Accordingly, Trombly's deadline to file the Petition for Review expired September 9, 2014. Trombly did not file his Petition for Review until September 26, 2014 **(AF APPX 1, CR 4)**, which was 17 days too late.

Trombly has admitted repeatedly that the Petition for Review was untimely filed with the District Court. (*See, e.g.,* Brief for Appellants at p. vi; **AF APPX 1, CR 8**). Without citing any authority, Trombly's only argument with regard to timeliness is that "extenuating circumstances" excused his late filing: "the Air Force had offered to independently settle the matter, but then failed to provide a written settlement, delaying any timely filing." (Brief for Appellants at p. vi; *see also* Petition for Review, **AF APPX 1, CR 11**).

Numerous Texas courts have affirmed the dismissal of challenges to the denial of unemployment compensation benefits where the district court suit is not filed within the statutory 14-day period. *See, e.g., Richardson v. Tex. Workforce Comm'n*, 2014 WL 2538621, at *2 (Tex. App.—Houston [1st Dist.] 2014 pet. denied) ("Failure to meet the jurisdictional requirements of section 212.201 precludes a movant from seeking judicial review of a TWC decision.") (*citing, e.g., Prairie View A&M Univ. v. Chathra*, 381 S.W.3d 500, 514-15 (Tex. 2012)); *Tex. Workforce Comm'n v. Smith*, No. 14-11-00003-CV, 2011 WL 4507077, at *2 (Tex. App.—Houston [14th Dist.] Sept. 29, 2011, no pet.)(mem. op.) ("'If the fourteen days expire and the plaintiff has failed to file a petition for judicial review, the Commission's decision becomes final and unappealable."); *Hernandez v. Tex. Workforce Comm'n*, No. 01-09-01085-CV, 2011 WL 346291, at * 1 (Tex. App. Houston— [1st Dist.] Feb. 3, 2011, no pet.)(mem. op.) ("Failure to comply with section 212.201 deprives the trial court of jurisdiction over the suit.").

Although Trombly has presented no case law suggesting that equitable tolling can apply to extend his filing deadline because of the Air Force's alleged conduct during settlement negotiations, even assuming that the 14-day deadline could be tolled, such an argument would fail, and has not been supported. *See, e.g., Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 264 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (in order to avoid limitations defense and prove a

14

claim of equitable estoppel, nonmoving party must show: 1) a false representation or concealment of a material fact; 2) the representation was made with knowledge or the means of knowledge of the true facts; 3) the representation was made to a party without knowledge or the means of knowledge of the true facts; 4) the representation was made with the intention that it would be acted upon; and 5) the party to whom the representation was made relied upon or acted upon it to his prejudice.); *Lockard v. Deitch*, 855 S.W. 2d 104, 105 (Tex. App.—Corpus Christi 1993, no writ) ("absent bad faith or fraud, settlement negotiations between a plaintiff and defendant do not constitute a waiver of the defendant's right to assert the statute of limitations.").

The District Court's decision to dismiss Trombly's Petition for Review for failure to meet the 14-day deadline should therefore be affirmed.

B. **Trombly's Petition for Review**
**Failed to Name or Serve the Texas Workforce Commission**
**as a Necessary Party.**

Texas Labor Code § 212.206 - Commission Considered Party to Judicial Review; Notice of Petition states in pertinent part that: "(a) The commission is considered a party to any judicial action involving a final decision of the commission…(b)"A petition to bring an action under this subchapter must be served on: (1) a member of the commission; or (2) a person designated by the commission." **(AF APPX. 3)**. Section 212.201 (b) provides that "[e]ach other

15

party to the proceeding before the commission must be made a defendant in an action under this subchapter." **(AF APPX. 3)**.

On its face, Trombly's Petition for Review demonstrates that he did not comply with Section 212.206 as the TWC was not named as a party, nor served as required, according to Trombly's own certificate of service. (*See* **AF APPX 1, CR 05**). In *Hernandez*, *supra*, the plaintiff-employee named the TWC in her appeal, but failed to name her employer within the 14-day deadline. Although Hernandez filed an amended petition within one month of the deadline, joining her employer in the suit, her suit was nevertheless dismissed, and the dismissal was affirmed on appeal because: "the statutory deadline applied to all parties to the proceeding, not just the TWC, and therefore the trial court properly granted the TWC's plea to the jurisdiction. … Failure to comply with section 212.201 deprives the trial court of jurisdiction over the suit." 2011 WL 346291, at * 1 (citation omitted). This rule applies with even greater force in this case because Trombly has never attempted to join or serve the TWC as a necessary party. *See also Stoker v. Tex. Workforce Comm'n*, 402 S.W.3d 926, 929-930 (Tex. App.—Dallas 2013, no pet.) ("[T]he fourteen-day filing deadline for a plaintiff to file suit under section 212.201 of the labor code is a jurisdictional prerequisite. …  Stoker's petition failed to vest the trial court with jurisdiction … because it did not name all the necessary defendants [it named the TWC, but not her employer] within the limitations period.").

16

The 198th Court was therefore correct in dismissing the case for Trombly's failure to comply with the Texas Labor Code, and the decision should be affirmed.

## PRAYER

Trombly has waived all possible issues on appeal, and has not presented grounds for reversal of the trial court's decision. Therefore, the appeal should be dismissed for want of prosecution, or alternatively, the judgment of the trial court should be affirmed.

Respectfully submitted,

**RICHARD L. DURBIN, JR.**
ACTING UNITED STATES ATTORNEY

DATED: February 4, 2015     By:     */s/Robert Shaw-Meadow*
**ROBERT SHAW-MEADOW**
Assistant United States Attorney
Texas Bar No. 18162475
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Telephone: (210) 384-7355
Facsimile:   (210) 384-7312
Rob.shaw-meadow@usdoj.gov
ATTORNEYS FOR APPELLEES

## CERTIFICATE OF SERVICE

The undersigned certifies that a true a correct copy of the Air Force's Brief has been served on the following via certified mail, return receipt requested on this the 4th day of February, 2015.

Jeremiah Trombly
366 Luther Lane
Pipe Creek, Texas 78063


By:     */s/Robert Shaw-Meadow*
        **ROBERT SHAW-MEADOW**


## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count in Appellee's Brief is <u>4,595</u> words.


*/s/Robert Shaw-Meadow*
ROBERT SHAW-MEADOW

**APPENDIX TO APPELLEE'S BRIEF**

**APPENDIX TABLE OF CONTENTS                    NO**

**Clerk's Record (CR pp)..……..…..……..…….….…….…………… 1**

**Clerk's 1ˢᵗ Supplemental Record (SCR pp) …………….....……….....… 2**

**Tex.Lab.Code §§ 212.201 and 212.206 …………….….………… 3**

**Order of November 25, 2014 ..……………….……….…………..4**

**Clerk's letter dated December 29, 2014….………….……………5**

# CLERK'S RECORD

## VOLUME 1 OF 1
### CAUSE NO. <u>CV-14-0000304</u>

**IN THE 198TH JUDICIAL DISTRICT COURT**
**OF BANDERA COUNTY, TEXAS**
**HONORABLE M. REX EMERSON**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

~~10/24/2014 2:57:21 PM~~

KEITH E. HOTTLE
Clerk

JEREMIAH TROMBLY
   *Plaintiff*
VS.
DEPARTMENT OF THE AIR FORCE
   ***Defendant***

APPEALED TO THE FOURTH
COURT OF APPEALS
SAN ANTONIO, TEXAS 78205

---

ATTORNEY FOR APPELLANT:   Pro-Se
NAME:  JEREMIAH D. TROMBLY
ADDRESS: 366 LUTHER LANE, PIPE CREEK, TEXAS 78063
TELEPHONE NO.: (210) 723-1175 jdtrombly@gmail.com
FAX NO.:
State Bar of Texas No.:

---

DELIVERED TO THE
COURT OF APPEALS
BEXAR COUNTY JUSTICE CENTER
300 DOLOROSA #3200
SAN ANTONIO, TEXAS 78205
ON THE 24th Day of OCTOBER, 2014
     SIGNATURE OF CLERK:  **/S/ ALMA BAKER, DEPUTY**
     NAME OF CLERK:     ALMA BAKER
     TITLE:     DEPUTY DISTRICT CLERK



---

APPELLANT COURT NO.
FILED IN THE
FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS

THIS THE _____ DAY OF _____, 2014
CLERK _____

BY_____

CR 001

**THE STATE OF TEXAS**

**COUNTY OF BANDERA**

In the District Court of Bandera County, Texas, the Honorable M. Rex Emerson, Presiding Judge, the following Proceedings were held and the following instruments and other papers were filed in this case to wit:

**CAUSE NO. CV-14-0000304**

| | | |
|---|---|---|
| JEREMIAH TROMBLY | § | IN THE DISTRICT COURT |
| VS. | § | 198TH JUDICIAL DISTRICT  . |
| DEPARTMENT OF THE AIR FORCE | § | BANDERA COUNTY, TEXAS |

## CAUSE NO. CV-14-0000304

## COURT OF APPEALS NUMBER: 04-14-00729-CV

| | | |
|---|---|---|
| **JEREHIAH TROMBLY** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| **VS.** | § | **198TH JUDICIAL DISTRICT** |
| | § | |
| **DEPARTMENT OF THE AIR FORCE** | § | **BANDERA COUNTY, TEXAS** |
| *Defendant.* | | |

## INDEX
## CLERK'S RECORD
## VOLUME 1 OF 1

| **CAPTION** | **PAGE #** |
|---|---|

CIVIL COVER SHEET..................................................................................................1

JUDGE'S CERTIFICATION.........................................................................................2

INDEX TO CLERK'S RECORD....................................................................................3

PETITION FOR REVIEW.............................................................................................4

REJECTION OF ENVELOPE 2500675 BY E-FILING..................................................7

ORDER DISMISSING FOR WANT OF JURISDICTION..............................................10

NOTICE OF APPEAL FROM FOURT COURT OF APPEALS.....................................11

CLERKS'S COVER SHEET ON NOTICE OF APPEAL...............................................15

BILL OF COST............................................................................................................16

CIVIL DOCKET SHEET..............................................................................................17

CLERK'S CERTIFICATION.........................................................................................18

NO. **CV-14-0000304**

| | | |
|---|---|---|
| **JEREMIAH TROMBLY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **198TH JUDICIAL DISTRICT** |
| | § | |
| **DEPARTMENT OF THE AIR FORCE** | § | **BANDERA COUNTY, TEXAS** |

## PETITION FOR REVIEW

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Jeremiah Trombly, Petitioner, and moves the Court to order a hearing on a judicial review of Unemployment Compensation and shows the following:

1. On or about on August 12, 2014, Petitioner was notified of his right to request a de novo review of his unemployment decision from the Texas Workforce Commission

2. Petitioner is entitled to review based upon on Chapter 212 of Texas Unemployment Compensation Act Sub Chapter E.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that the Court set this matter for a hearing, and after notice to each of the above agencies, the above-describe.
Respectfully submitted,

By: _____
Pro Se

CR 004

## CERTIFICATE OF SERVICE

This is to certify that on or about September 19, 2014, a true and correct copy of the above and foregoing document was served on the Department of the Air Force by mail.

_____

## ORDER FOR A SETTING

The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, at _____.

Signed on _____.

_____
JUDGE PRESIDING

## CV-14-0000304

Jeremiah D Trombly
366 Luther Lane
Pipe Creek, Texas 78063
Phone (210) 723-1175
jdtrombly@gmail.com

DEPARTMENT OF THE AIR FORCE
HQ AFPC/DPIEPC USFE
JBSA RANDOLPH, TEXAS 78150

RICHARD JOHNSON
richerd.johnson.82@us.af.mil

## Fees

Court Fee                    $0.00
Service Fee                  $0.00

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Incorrect Document Submitted | 09/16/2014 10:11:49 AM | Your document is being rejected because it is not a correct document or in proper form. The proper filing may be resubmitted within a given timeframe in order to retain the original filing submission date. Re-submit correct filings by the 09/17/2014. We cannot provide or give legal advice and recommend you seek legal advice from an attorney for any assistance you would need in filing your documents. |

## Documents

*Lead Document*                    Petition_Lead.pdf                                        [Original]

CR 007
9/26/2014 7:59 AM

15 September 2014

To whom it may concern:

This is my, Jeremiah D. Trombly's, request for a hearing on my unemployment benefits. The defendant, the US Air Force, in previous hearings with the Texas Work Force Commission, failed to provide any proof that policies were violated leading up to my termination. They also alleged they had no idea I had been involved in Whistleblowing against the US Air Force. In subsequent months, sworn testimony has been obtained, and will be entered into evidence showing that the Air Force failed to complete any investigation to determine wrong doing occurred, and was clearly aware of ongoing whistle blowing.

In addition, the Air Force contradicted all established policies in terms of double jeopardy, in that the Air Force was aware that management had already handled the incident that was used as justification for termination. This petition is being filed several days late for two specific reasons. First, the county district clerk was unable to provide any assistance in filing, in that they were unaware of how to handle this kind of case. Second, the Air Force, represented by an attorney named Major/Mr. Lynch had indicated they were willing to reinstate and settle the matter, however as of the date of this letter, no written settlement has been provided.

Please advise what else is needed to establish this filing. I am requesting a hearing to allow a judicial review to determine if the Air Force has met the requirement of establishing wrong doing occurred. If wrong doing occurred the agency would not be attempting to settle the matter, and evidence would not show that 3 months after termination no investigation was ever completed to determine wrong doing occurred, in accordance with agency policies.

Jeremiah Trombly

Print this page

# Envelope 2500675

## Case Information

| | |
|---|---|
| Location | Bandera County - District Clerk |
| Date Filed | 09/15/2014 09:56:03 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | |
| Firm Name | Individual |
| Filed By | Jeremiah Trombly |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $8.50 |
| Total Court Case Fees | $292.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $302.50 |

## Payment

| | |
|---|---|
| Account Name | Card |
| Transaction Amount | $302.50 |
| Transaction Response | |
| Transaction ID | 4132440 |
| Order # | 002500675-0 |

## Petition

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition |
| Filing Description | |
| Reference Number | |
| Comments | |
| Status | Rejected |

CR 009

## NO. CV-14-0000304

| JEREMIAH TROMBLY | § | IN THE DISTRICT COURT |
|---|---|---|
| VS. | § | 198TH JUDICIAL DISTRICT |
| DEPARTMENT OF THE AIR FORCE | § | BANDERA COUNTY, TEXAS |

## ORDER DISMISSING
## FOR WANT OF JURISDICTION

On October 7, 2014, the Court reviewed Petitioner's Petition for Review and found that pursuant to Texas Labor Code Chapter 212, the Petition for Review was not timely filed and that all necessary parties were not served thereby depriving the Court of jurisdiction.

It is hereby ordered that this case be dismissed for want of jurisdiction.

SIGNED this 7th day of October, 2014.

_____
M. REX EMERSON
198th District Judge

FILED

2014 OCT -9 PM 1:27

TAMMY KNEUPER, DIST. CLERK
BANDERA COUNTY, TEXAS
BY: _____
DEPUTY

JANNED

| | | |
|---|---|---|
| **JEREMIAH TROMBLY** | § | **IN THE 4TH COURT OF APPEALS** |
| | § | |
| | § | |
| **vs** | § | **SAN ANTONIO, TEXAS** |
| | § | |
| **DEPARTMENT OF THE AIR FORCE** | § | |

## PETITION FOR REVIEW

### TO THE HONORABLE JUDGE OF SAID COURT

Now comes Jeremiah Trombly, Petitioner, and moves the Court to order a hearing on a judicial review of Unemployment Compensation and shows the following:

1. On or about August 12, 2014, Petitioner was notified of his right to request a de novo review of his unemployment decision from the Texas Workforce Commission.

2. On or about September 19, 2014 a de novo review was submitted to the 198th District Court in Bandera County, Texas.

3. On or about October 7, 2014, a Order Dismissing for Want of Jurisdiction was issued, citing the delay in filing the de novo review petition.

4. Throughout the month of August 2014 and September 2014 the Department of the Air Force, represented by a Mr. Lynch (Attorney) through their Civilian Employee Legal Office, misrepresented their intent to resolve the matter amicably, and in favor of Jeremiah Trombly. This delayed a timely filing of the de novo review petition as it was believed the Department of the Air Force would complete its settlement offer. To date, the Air Force has yet to complete its offer, and a Federal Hearing on the employment matter begins on November 5, 2014.

5. Petitioner is entitled to review based upon Chapter 212 of Texas Unemployment Compensation Act Sub Chapter E.

Petitioner requests that the Court set this matter for a hearing, and after notice to each of the agencies, the above describe.

Respectfully Submitted,

By:_____, Pro Se



COPY

NO. CV-14-0000304

| JEREMIAH TROMBLY | § | IN THE DISTRICT COURT |
| VS. | § | 198TH JUDICIAL DISTRICT |
| DEPARTMENT OF THE AIR FORCE | § | BANDERA COUNTY, TEXAS |

### ORDER DISMISSING
### FOR WANT OF JURISDICTION

On October 7, 2014, the Court reviewed Petitioner's Petition for Review and found that pursuant to Texas Labor Code Chapter 212, the Petition for Review was not timely filed and that all necessary parties were not served thereby depriving the Court of jurisdiction.

It is hereby ordered that this case be dismissed for want of jurisdiction.

SIGNED this 7th day of October, 2014.

B·H

_____
M. REX EMERSON
198th District Judge

FILED

2014 OCT -9 PM 1: 27

TAMMY KNEUPER, DIST. CLERK
BANDERA COUNTY, TEXAS
BY _____
DEPUTY

CR 012

NO. _____

| | | |
|---|---|---|
| **JEREMIAH TROMBLY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS _____ JUDICIAL DISTRICT |
| | § | |
| **DEPARTMENT OF THE AIR FORCE** | § | **BANDERA COUNTY, TEXAS** 10/19/2014 9:28:19 PM<br>KEITH E. HOTTLE<br>Clerk |

## PETITION FOR REVIEW

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Jeremiah Trombly, Petitioner, and moves the Court to order a hearing on a judicial review of Unemployment Compensation and shows the following:

1.  On or about on August 12, 2014, Petitioner was notified of his right to request a de novo review of his unemployment decision from the Texas Workforce Commission

2.  Petitioner is entitled to review based upon on Chapter 212 of Texas Unemployment Compensation Act Sub Chapter E.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that the Court set this matter for a hearing, and after notice to each of the above agencies, the above-describe.
Respectfully submitted,

By:_____
Pro Se

CR 013

## CERTIFICATE OF SERVICE

This is to certify that on or about September 19, 2014, a true and correct copy of the above and foregoing document was served on the Department of the Air Force by mail.

_____

## ORDER FOR A SETTING

The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, at _____.

Signed on _____.


_____
JUDGE PRESIDING

CR 014

# CIVIL CASE # CV-14-0000304

# NOTICE OF APPEAL

**JEREMIAH TROMBLY**
*Plaintiff*

**IN THE DISTRICT COURT**

**VS.**

**198TH JUDICIAL DISTRICT**

**DEPARTMENT OF THE AIR FORCE**
*Defendants*

**BANDERA COUNTY, TEXAS**

# CLERK'S COVER SHEET

**PLAINTIFF'S NAME:  JEREMIAH TROMBLY**

**DEFENDANT'S NAME: DEPARTMENT OF THE AIR FORCE**

**SUIT:     OTHER CIVIL SUIT**

**ORDER/JUDGMENT:  ORDER DISMISSING FOR WANT OF JURISIDICTION**

**DATE OF SIGNED BY JUDGE: OCTOBER 7TH, 2014**

**JUDGE'S NAME:  M. REX EMERSON**

**REPORTER: N/A**

**MOTION FOR NEW TRIAL:  N/A**

**HEARING HELD- N/A**

**FINDINGS AND CONCLUSIONS FILED:N/A**

**RECOMMENDATION: GRANT-        YES      NO**

**ATTORNEY FOR PLAINTIFF:  PRO-SE**

**ATTORNEY FOR DEFENDANTS:  RICHARD JOHNSON, DEPARTMENT OF THE AIR FORCE, HQ AFPC/DPIEPC USFE, JBSA RANDOLFPH, TEXAS 78150 rcher.johnson.82@us.af.mil**

**APPEAL NUMBER: 04-14-00729-CV**

**TAMMY KNEUPER**

**DISTRICT CLERK**

**BANDERA COUNTY, TEXAS**



3360 STATE HWY 173 N SUITE 100

P.O. BOX 2688

BANDERA, TEXAS 78003-2688

830/796-4606 – FAX 830/796-8499

October 24, 2014

TO: Jeremiah D. Trombly
366 Luther Lane
Pipe Creek, Texas 78063

| | Description of Service | Quantity | Price | Amount |
|---|---|---|---|---|
| | Clerk's Record for Appeal | 18 | $1.00 | $18.00 |
| | | | | |
| | Cause # CV-14-0000304 | | | |
| | Jeremiah Trombly | | | |
| | VS. | | | |
| | Department of The Air Force | | | |
| | Thank You | | | |
| | | | | |
| Total Amount | | | | $18.00 |
| Total Received | | | | |
| **Total amount to be Paid to District Clerk** | | | | $18.00 |

Tammy Kneuper, District Clerk
Bandera County, Texas

By _____ Deputy
Alma Baker, Deputy District Clerk

CR 016

# BANDERA COUNTY CIVIL DOCKET

**Date of filed: 09/26/2014**      |      Cause No. **CV–14-0000304**

**JEREMIAH   TROMBLY**      |      IN THE 198TH DISTRICT COURT

VS      |      OF

**DEPARTMENT OF THE AIR FORCE**      |      BANDERA COUNTY, TEXAS

Attorney for Petitioner:      **JEREMIAH TROMBLY**
Attorney for Respondent:

Jury Fee Paid: _____      By:_____

| Date | Court Reporter | ORDER OF COURT |
|---|---|---|
| 10-7-14 | | Order Dismissing For Want of Jurisdiction. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

CR 017

**THE STATE OF TEXAS**

**COUNTY OF BANDERA**

I, Tammy Kneuper, Clerk of the 198th Judicial District Court of Bandera County, Texas, do hereby certify that the documents contained in this record to which this Certificate is attached are all of the documents specified by Texas Rules of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate procedure 34.5(b).

Given under my hand and seal, at my office in Bandera County, Texas, this 24TH day of October, 2014.

Name of Clerk:    Tammy Kneuper
Title:    District Clerk, 198th Judicial District
Signature of Clerk by:**/s/ Alma Baker, Deputy District Clerk**



# CLERK'S 1ST SUPPLEMENTAL RECORD

## VOLUME 1 OF 1
### CAUSE NO. CV-14-0000304
### IN THE 198TH JUDICIAL DISTRICT COURT
### OF BANDERA COUNTY, TEXAS
### HONORABLE M. REX EMERSON

APPENDIX 2

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

11/3/2014 5:27:07 PM

KEITH E. HOTTLE
Clerk

JEREMIAH TROMBLY
*Plaintiff*
VS.
DEPARTMENT OF THE AIR FORCE
*Defendant*

APPEALED TO THE FOURTH
COURT OF APPEALS
SAN ANTONIO, TEXAS 78205

---

ATTORNEY FOR APPELLANT:    Pro-Se
NAME:  JEREMIAH D. TROMBLY
ADDRESS: 366 LUTHER LANE, PIPE CREEK, TEXAS 78063
TELEPHONE NO.: (210) 723-1175 jdtrombly@gmail.com
FAX NO.:
State Bar of Texas No.:

---

DELIVERED TO THE
COURT OF APPEALS
BEXAR COUNTY JUSTICE CENTER
300 DOLOROSA #3200
SAN ANTONIO, TEXAS 78205
ON THE 03RD Day of NOVEMBER, 2014
SIGNATURE OF CLERK:  **/S/ ALMA BAKER, DEPUTY**
NAME OF CLERK:       ALMA BAKER
TITLE:               DEPUTY DISTRICT CLERK



---

APPELLANT COURT NO.
FILED IN THE
FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS

THIS THE _____ DAY OF _____, 2014
CLERK _____

BY_____

1

SCR 001

**THE STATE OF TEXAS**

**COUNTY OF BANDERA**

In the District Court of Bandera County, Texas, the Honorable M. Rex Emerson, Presiding Judge, the following Proceedings were held and the following instruments and other papers were filed in this case to wit:

**CAUSE NO. CV-14-0000304**

| | | |
|---|---|---|
| **JEREMIAH TROMBLY** | § | **IN THE DISTRICT COURT** |
| **VS.** | § | **198TH JUDICIAL DISTRICT** . |
| **DEPARTMENT OF THE AIR FORCE** | § | **BANDERA COUNTY, TEXAS** |

SCR 002

## CAUSE NO. CV-14-0000304

## COURT OF APPEALS NUMBER: 04-14-00729-CV

| | | |
|---|---|---|
| **JEREMIAH TROMBLY** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| **VS.** | § | **198TH JUDICIAL DISTRICT** |
| | § | |
| **DEPARTMENT OF THE AIR FORCE** | § | **BANDERA COUNTY, TEXAS** |
| *Defendant.* | | |

## INDEX
## CLERK'S RECORD
## VOLUME 1 OF 1

**CAPTION**                                                                 **PAGE #**

CIVIL COVER SHEETCLERK'S 1ST SUPPLEMENT RECORD.......................................1

JUDGE'S CERTIFICATION.................................................................................2

INDEX TO CLERK'S 1ST SUPPLEMENT RECORD.......................................3

PETITION FOR REVIEW WITH FILE STAMP............................................................4

COURT OF APPEALS LETTER REGARDING APPELLANT'S NOTCE.......................5

CIVIL BILL OF COST WITH BALANCE.......................................................................6

CLERK'S CERTIFICATION..................................................................................7

SCR 003

04-14-00729-CV

ACCEPTED
04-14-00729-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/18/2014 9:26:19 PM
KEITH E. HOTTLE
Clerk

SAN ANTONIO, TEXAS
10/18/2014 9:26:19 PM
KEITH E. HOTTLE
Clerk

| JEREMIAH TROMBLY | § | IN THE 4TH COURT OF APPEALS |
|---|---|---|
| | § | |
| vs | § | SAN ANTONIO, TEXAS |
| | § | |
| DEPARTMENT OF THE AIR FORCE | § | |

**FILED**
AT **1:37** O'CLOCK **P** M. ON

### PETITION FOR REVIEW

**OCT 27 2014**

TO THE HONORABLE JUDGE OF SAID COURT

TAMMY KNEUPER, 198TH DISTRICT CLERK
BANDERA COUNTY, TEXAS
BY _Alma Bal_ DEPUTY

Now comes Jeremiah Trombly, Petitioner, and moves the Court to order a hearing on a judicial review of Unemployment Compensation and shows the following:

1. On or about August 12, 2014, Petitioner was notified of his right to request a de novo review of his unemployment decision from the Texas Workforce Commission.

2. On or about September 19, 2014 a de novo review was submitted to the 198th District Court in Bandera County, Texas.

3. On or about October 7, 2014, a Order Dismissing for Want of Jurisdiction was issued, citing the delay in filing the de novo review petition.

4. Throughout the month of August 2014 and September 2014 the Department of the Air Force, represented by a Mr. Lynch (Attorney) through their Civilian Employee Legal Office, misrepresented their intent to resolve the matter amicably, and in favor of Jeremiah Trombly. This delayed a timely filing of the de novo review petition as it was believed the Department of the Air Force would complete its settlement offer. To date, the Air Force has yet to complete its offer, and a Federal Hearing on the employment matter begins on November 5, 2014.

5. Petitioner is entitled to review based upon Chapter 212 of Texas Unemployment Compensation Act Sub Chapter E.

Petitioner requests that the Court set this matter for a hearing, and after notice to each of the agencies, the above describe.

Respectfully Submitted,

By:_____, Pro Se

4

SCR 004



# COURT OF APPEALS

| | | |
|---|---|---|
| CATHERINE STONE | FOURTH COURT OF APPEALS DISTRICT | KEITH E. HOTTLE CLERK OF |
| CHIEF JUSTICE | CADENA-REEVES JUSTICE CENTER | COURT |
| KAREN ANGELINI | 300 DOLOROSA, SUITE 3200 | |
| SANDEE BRYAN MARION | SAN ANTONIO, TEXAS 78205-3037 | |
| MARIALYN BARNARD | WWW.TXCOURTS.GOV/4THCOA.ASPX | TELEPHONE |
| REBECA C. MARTINEZ | | (210) 335-2635 |
| PATRICIA O. ALVAREZ | | |
| LUZ ELENA D. CHAPA | | FACSIMILE NO. |
| JUSTICES | | (210) 335-2762 |

October 19, 2014

Jeremiah Tombly
366 Luther Lane
Pipe Creek, TX 78063

Richard Johnson
HQ AFPC/DPIEPC USFE
JBSA
Randolph, TX 78150
* DELIVERED VIA E-MAIL *

**FILED** AT 1:35 O'CLOCK P M. ON

**OCT 27 2014**

TAMMY KNEUPER, 198TH DISTRICT CLERK
BANDERA COUNTY, TEXAS
BY _Alma ___ DEPUTY

RE:  Court of Appeals Number: 04-14-00729-CV
     Trial Court Case Number: CV-14-0000304
Style: Jeremiah Tombly
       v.
       Department of the Air Force

The copy of appellant's notice of appeal in the above styled and numbered cause has this date been filed or conditionally filed. The clerk's record has been filed.

The fee for filing appeals in this court from the district or county is $195.00. The fee must be paid at the time the notice of appeal is filed. In addition, this court charges an additional fee of $10.00 for the filing of any motion. Any delay in remitting a filing fee will delay the processing of your appeal and the court's ruling on pending motions. *See* TEX. R. APP. P. 5. Our records do reflect payment of the $195.00 fee.

In accordance with TEX. R. APP. P. 32 and 4TH TEX. APP. (SAN ANTONIO) LOC. R. 5.2., a docketing statement must be filed with the notice of appeal. Our records do not contain a docketing statement for this appeal. Please ensure that a docketing statement is immediately filed to ensure prompt processing of the appeal. The Appellant's docketing statement is due from, Jeremiah Trombly. The docketing statement is to be filed with this court by October 29, 2014.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Luz Estrada
Deputy Clerk, Ext. 3219

cc: Tammy Kneuper (DELIVERED VIA E-MAIL)

SCR 005

# BANDERA COUNTY DISTRICT COURT
## CIVIL BILL OF COST

| | | |
|---|---|---|
| THE STATE OF TEXAS: | \| | Cause No. **CV–14-0000304** |
| **JEREMIAH TROMBLY** | \| | IN THE 198TH DISTRICT COURT |
| VS | \| | OF |
| **DEPARTMENT OF THE AIR FORCE** | \| | BANDERA COUNTY, TEXAS |

I, TAMMY KNEUPER, Clerk of the DISTRICT COURT in and for said County and State hereby certify the within and foregoing to be a true and correct account costs and fees in the within entitled and numbered cause to this date

| | |
|---|---|
| STATE FILING FEE | 50.00 |
| CLERK FEE | 50.00 |
| COURTHOUSE SECURITY | 5.00 |
| RECORDS MANAGEMENT- COUNTY | 5.00 |
| RECORDS MANAGEMENT – DISTRICT CLERK | 5.00 |
| BAILIFF FEE | 15.00 |
| COURT REPORTER – STENOGRAPHER FEE | 15.00 |
| LAW LIBRARY | 35.00 |
| ALTERNATE DISPUTE RESOLUTION | 15.00 |
| APPEALATE FEE | 5.00 |
| RECORD PRESERVATION FEE | 10.00 |
| RECORD ARCHIVE FEE | 10.00 |
| E-FILING TECHNOLOGY FUND | 20.00 |
| JUDICIAL SUPPORT FEE | 42.00 |
| E-FILING | 2.00 |
| INDIGENT LEGAL FEE | 10.00 |
| APPEAL – CLERK'S RECORD | 18.00 |
| SUPPLEMENT CLERK'S RECORD OF APPEAL | 7.00 |
| | |
| TOTAL  COSTS AND FEES TO BE PAID | $319.00 |
| PAID TO COURT TO DATE 10/27/2014 | 294.00 |
| TOTAL  COSTS AND FEES DUE TO COURT AS OF 10/27/2014 | $25.00 |

WITNESS my hand and seal of this office, at Bandera, Texas this day of  10/27/2014.

Tammy Kneuper, District Clerk
198th Judicial District Court
Bandera County, Texas

BY _Alma Baker_
Alma Baker, Deputy District Clerk

6

SCR 006

**THE STATE OF TEXAS**

**COUNTY OF BANDERA**

I, Tammy Kneuper, Clerk of the 198th Judicial District Court of Bandera County, Texas, do hereby certify that the documents contained in this record to which this Certificate is attached are all of the documents specified by Texas Rules of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate procedure 34.5(b).

Given under my hand and seal, at my office in Bandera County, Texas, this 03rd day of November, 2014.

Name of Clerk:      Tammy Kneuper
Title:                     District Clerk, 198th Judicial District
Signature of Clerk by:**/s/ Alma Baker, Deputy District Clerk**



Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 4. Employment Services and Unemployment
      Subtitle A. Texas Unemployment Compensation Act
        Chapter 212. Dispute Resolution
          Subchapter E. Judicial Review of Commission Decision

V.T.C.A., Labor Code § 212.201

§ 212.201. Commencement of Judicial Review; Defendants

Currentness

(a) A party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date.

(b) Each other party to the proceeding before the commission must be made a defendant in an action under this subchapter.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

Notes of Decisions (40)

V. T. C. A., Labor Code § 212.201, TX LABOR § 212.201
Current through the end of the 2013 Third Called Session of the 83rd Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 4. Employment Services and Unemployment
      Subtitle A. Texas Unemployment Compensation Act
        Chapter 212. Dispute Resolution
          Subchapter E. Judicial Review of Commission Decision

V.T.C.A., Labor Code § 212.206

§ 212.206. Commission Considered Party to Judicial Review; Notice of Petition

Currentness

(a) The commission is considered a party to any judicial action involving a final decision of the commission.

(b) A petition to bring an action under this subchapter must be served on:

  (1) a member of the commission; or

  (2) a person designated by the commission.

(c) As many copies of the petition as there are defendants must be left with the party served under Subsection (b). The commission immediately shall mail one copy of the petition to each defendant.

(d) Service in compliance with this section constitutes completed service on all defendants.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

**Editors' Notes**

**REVISOR'S NOTE**

**2006 Main Volume**

The source law provides that service of a petition on a member of the Texas Employment Commission or a person designated by the commission constitutes completed service on all "parties." The revised law substitutes "defendants" for the source law term "parties" because under Section 212.201 (formerly part of V.A.C.S. Article 5221b-4(i)), all parties to a proceeding before the commission, other than the party aggrieved by the commission's decision, are defendants in an action for judicial review.

Notes of Decisions (1)

V. T. C. A., Labor Code § 212.206, TX LABOR § 212.206

Current through the end of the 2013 Third Called Session of the 83rd Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.



# Fourth Court of Appeals
## San Antonio, Texas

November 25, 2014

No. 04-14-00729-CV

Jeremiah **TOMBLY**,
Appellant

v.

**DEPARTMENT OF THE AIR FORCE**,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CV-14-0000304
Honorable M. Rex Emerson, Judge Presiding

# O R D E R

Appellant filed his brief on November 24, 2014. The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38 in that it does not contain:

(1) an identity of parties and counsel;
(2) a table of contents;
(3) an index of authorities;
(4) a statement of the case;
(5) a brief statement of the issues presented, setting out what errors were allegedly committed by the trial court;
(6) include a statement of facts with record references;
(7) a summary of the argument;
(8) argument with appropriate citation to authorities and the appellate record;
(9) a prayer for relief; or
(10) an appendix.

*See id.* R. 38.1(a) (requiring identity of parties and counsel), (b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(d) (requiring statement of case); 38.1(f) (requiring statement of issues presented), 38.1(g) (requiring statement of facts with record reference), 38.1(h) (requiring requiring summary of argument, 38.1(i) (requiring argument with appropriate citation to authority and record), 38.1(j) (requiring prayer for relief); and 38.1(k) (requiring

appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument).

Additionally, appellant failed to: (1) sign the brief; (2) provide his mailing address; (3) provide his telephone number; (4) provide his fax number, if any; and (5) provide an email address. *See id.* R. 9.1(b). The front cover of the brief does not include all of the information required by Rule 9.4(g). *See id.* R. 9.4(g) (requiring front cover of filed document to contain case style, case number, title of document, name of party filing document, name and mailing address, telephone number, fax number, if any, and email of party). The brief also fails to include the certificate of service, showing proof of service on the opposing party or its counsel. *See* Tex. R. App. P. 9.5(d), (e). Moreover, we cannot discern from appellant's brief the nature of the action, the relief granted or denied below, nor the exact nature of the complaints appellant is asserting on appeal.

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court on or before December 29, 2014. The amended brief must correct the violations listed above and fully comply with the applicable rules. *See, e.g., id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents himself on appeal, i.e., he is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present her case on appeal just as she is required to properly present her case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* Tex. R. App. P. 38.6(b).

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of November, 2014.



Keith E. Hottle
Clerk of Court

FILE COPY



# COURT OF APPEALS

CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

December 29, 2014

Jeremiah Tombly
366 Luther Lane
Pipe Creek, TX 78063

Richard Johnson
HQ AFPC/DPIEPC USFE
JBSA
Randolph, TX 78150
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    04-14-00729-CV
       Trial Court Case Number:    CV-14-0000304
       Style:  Jeremiah Tombly
       v.
       Department of the Air Force

The brief of the appellant Jeremiah Tombly does not comply in numerous respects with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38 in that it does not contain: (1) an identity of parties and counsel; (2) a table of contents; (3) an index of authorities; (4) a statement of the case; (5) a brief statement of the issues presented, setting out what errors were allegedly committed by the trial court; (6) include a statement of facts with record references; (7) a summary of the argument; (8) argument with appropriate citation to authorities and the appellate record; (9) a prayer for relief; or (10) an appendix. *See id.* R. 38.1(a) (requiring identity of parties and counsel), (b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(d) (requiring statement of case); 38.1(f) (requiring statement of issues presented), 38.1(g) (requiring statement of facts with record reference), 38.1(h) (requiring summary of argument, 38.1(i) (requiring argument with appropriate citation to authority and record), 38.1(j) (requiring prayer for relief); and 38.1(k) (requiring appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument).

Additionally, appellant failed to: (1) sign the brief; (2) provide his mailing address; (3) provide his telephone number; (4) provide his fax number, if any; and (5) provide an email address. *See id.* R. 9.1(b). The front cover of the brief does not include all of the information

required by Rule 9.4(g). *See id.* R. 9.4(g) (requiring front cover of filed document to contain case style, case number, title of document, name of party filing document, name and mailing address, telephone number, fax number, if any, and email of party). The brief also fails to include the certificate of service, showing proof of service on the opposing party or its counsel. *See* TEX. R. APP. P. 9.5(d), (e). Moreover, we cannot discern from appellant's brief the nature of the action, the relief granted or denied below, nor the exact nature of the complaints appellant is asserting on appeal.

This Court previously struck appellant's original brief and rendered an order pointing out the deficiencies and requiring appellant to file an amended brief. The amended brief in no way corrected the deficiencies previously noted by this Court. However, the Court is not ordering appellant to rebrief. However, appellant should be advised that this court may consider his appellate complaints waived due to inadequate briefing if the noted deficiencies are not corrected prior to submission. *See, e.g., Lott v. First Bank*, No. 04-13-00531-CV, 2014 WL 4922896, at *2 (Tex. App.—San Antonio Oct. 1, 2014, no pet.); *Castillo v. Peoples*, No. 04-13-00311-CV, 2014 WL 1089750, at *3 (Tex. App.—San Antonio Mar. 19, 2014, pet. denied). Moreover, please be advised that further filings must comply with the Texas Rules of Appellate Procedure — specifically the rules regarding service on all parties.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jennifer Saenz
Deputy Clerk, Ext. 53221

cc: The Honorable M. Rex Emerson
Tammy Kneuper (DELIVERED VIA E-MAIL)