**Opinion issued June 25, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00788-CV

————————————

**RECHEL ROBINSON, Appellant**

**V.**

**LIBORIO NATIVIDAD, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-34991**

---

## MEMORANDUM OPINION

Rechel Robinson filed a negligence suit against Liborio Natividad. Natividad moved for summary judgment on limitations grounds. The trial court granted Natividad's motion, and Robinson appeals. We affirm.

## Background

Robinson alleged she and Natividad were in an automobile accident on October 20, 2021, causing her injuries. As discussed below, the two-year limitations period for Robinson's claims expired on October 23, 2023.

Robinson filed suit on June 6, 2023. A few days after filing suit, Robinson's counsel engaged a process server, who filed a return of service stating he had served Natividad on June 14, 2023. The return is neither notarized nor signed under penalty of perjury.

On July 7, 2023, Robinson's counsel received an email from a claims specialist at Amerisure Insurance stating:

> We are the liability carrier for Titan Solar Power, the employer for Liborio Natividad.
>
> We are reviewing to address this matter on behalf of Mr. Natividad and Titan Solar Power. We are reviewing the records and suit papers to determine if a settlement offer is warranted.
>
> In the meantime, please confirm by email reply in writing a three week extension for filing an Answer through 7/28/23 as we work through this file.

Robinson's counsel understood this email to indicate "service was proper" and "there was no reason . . . to believe that service was lacking in any way." Counsel agreed to the requested extension.

2

The extended answer deadline passed without Natividad filing an answer. The record reflects no further activity in the case for several months, and the two-year limitations period expired on October 23, 2023.

On November 30, 2023, Natividad filed a motion to quash the return, arguing it was defective because it had not been notarized or signed under penalty of perjury. *See* TEX. R. CIV. P. 122. Natividad set the motion to quash for submission on December 11, 2023, but served the motion and notice of submission on a lawyer not involved in this case. Robinson's counsel learned of the motion to quash on December 11, 2023, and filed a response that day stating he had not been served with the motion or notice of submission. By that point, however, the trial court had already entered an order granting Natividad's motion to quash.

Robinson moved for reconsideration of the order due to the lack of service. The trial court granted Robinson's motion and informed the parties Natividad's motion to quash would be set for an oral hearing.

On February 5, 2024, Robinson filed a substantive response to Natividad's motion. Robinson acknowledged that "service was defective" but argued she was unaware of the defect and "ha[d] been working diligently to locate the process server for an amended citation since [she] came to know of the defect." Robinson also asked for permission to amend the return of service under Texas Rule of Civil Procedure 118 but did not present the trial court with a proposed amended return.

3

On March 7, 2024, the trial court heard Natividad's motion to quash.[1]  On March 18, 2024, the trial court issued an order granting the motion to quash, denying Robinson's request to amend the return and providing that "the date of this Order shall be the date on which Plaintiff perfected service on Defendant."

On April 5, 2024, Natividad filed an answer asserting a limitations defense. On September 13, 2024, Natividad moved for summary judgment on limitations grounds, arguing he had been served with process long after the limitations period expired.  Robinson responded, arguing she had "successfully served" Natividad in June 2023 (within the limitations period) and had also exercised diligence in effecting service.  The trial court granted Natividad's motion and entered final summary judgment in his favor.  Robinson appeals.

## Analysis

In a single issue with multiple subparts, Robinson argues summary judgment on limitations was improper.  We disagree.

### A.    Standard of review

To prevail on a traditional motion for summary judgment, the moving party must prove there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the

---

[1]    The same day, the trial court also heard Robinson's motion for reconsideration, despite already granting that motion.  The court orally granted the motion for reconsideration during the hearing.

4

motion. TEX. R. CIV. P. 166a; *see also Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). "To establish entitlement to summary judgment based on an affirmative defense . . . the defendant must conclusively establish each element of its affirmative defense." *First Sabrepoint Cap. Mgmt, L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 84 (Tex. 2025). "[G]ranting an oral hearing is not mandatory with respect to a summary judgment motion," and Robinson's argument to the contrary fails. *NexGen Broadband, LLC v. Quanta Telecomm. Servs., LLC*, No. 01-23-00520-CV, 2024 WL 3973439, at *4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2024, no pet.) (mem. op.).

We review summary judgments de novo. *Weekley Homes, LLC v. Paniagua*, 691 S.W.3d 911, 915 (Tex. 2024). In doing so, we "take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Op. Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B.    Natividad is entitled to summary judgment

To obtain summary judgment on a limitations defense, a defendant must prove: "(1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter—i.e., that the statute of limitations has run." *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021)

(citation and internal quotation marks omitted). The first of these elements is not in dispute. The parties agree Robinson's claims accrued on October 20, 2021.

Instead, the parties' dispute focuses on the second element—whether Robinson "brought [her] suit" within the limitations period. *Id.* Section 16.003(a) of the Texas Civil Practice and Remedies Code is the statute of limitations for personal injury claims. Under it, a plaintiff must "bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a). The two-year limitations period on Robinson's claims undisputedly accrued on October 20, 2021, and expired on October 23, 2023.[2]

There is no question Robinson filed her petition prior to that date. But "filing" suit is not the same thing as "bringing" suit for purposes of section 16.003(a). *See Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 300 (Tex. 2024). To "bring suit" and comply with the statute of limitations, "a plaintiff must do more than file within two years"; she also must "achiev[e] service of process." *Id.* "The suit is not 'brought,' and the statute of limitations is not satisfied, until the plaintiff achieves *both* steps." *Id.* (emphasis in original). Texas law permits late service of

---

[2] Robinson's claims accrued on October 20, 2021, so the limitations period began to run the following day. TEX. R. CIV. P. 4. Two years from October 21, 2021 was Saturday, October 21, 2023, meaning the period was extended to Monday, October 23, 2023. *Id.*

process to relate back to the date of the filing of the petition if the plaintiff exercised diligence in effecting service. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).

In several issues, Robinson contends she "brought suit" within the limitations period because (1) the trial court misinterpreted Rule 122, (2) June 14, 2023 should be considered the date Natividad was served, (3) the trial court erred in denying her request to amend the return, and (4) even if her original service had not been effective, there are genuine fact issues about whether she was diligent in effecting service.

### 1.    The trial court did not misinterpret Rule 122

We begin with Robinson's argument that the trial court misinterpreted Rule 122 when it ordered that March 18, 2024 "shall be the date on which [she] perfected service on [Natividad]." Rule 122, entitled "Constructive Appearance," states:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

TEX. R. CIV. P. 122. Robinson argues Rule 122 "only extends the deadline to answer" and does not "erase service or create a new service date for limitations purposes." She asserts Natividad was served on June 14, 2023, and the trial court erred by "improperly allow[ing] for a procedural extension to be used as a basis for" the limitations summary judgment.

When the trial court quashed service (a ruling Robinson does not challenge on appeal), Rule 122 directed that Natividad be "deemed to have been duly served so as to require him to appear and answer" by "ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed." TEX. R. CIV. P. 122. We conclude the trial court did not misinterpret Rule 122 by deeming service to have occurred on the date of the March 18, 2024 order.[3] *See Flores v. Martinez*, No. 14-23-00389-CV, 2024 WL 3765360, at *1, *3 (Tex. App.—Houston [14th Dist.] Aug. 13, 2024, no pet.) (mem. op.) (affirming limitations summary judgment; explaining operative period for plaintiff to show diligence was from when limitations expired until date trial court signed Rule 122 order, which deemed service effective that day); *see also*

---

[3] Robinson also argues June 14, 2023 should be considered the date Natividad was served because the June 2023 return of service strictly or substantially complied with the rules and because Natividad had actual knowledge of the suit at that time. But Robinson did not raise these arguments in her response to the motion to quash, instead arguing that she should be allowed to amend the defective return, an issue we address below. Nor did she ever move to set aside the motion to quash. Thus, we do not consider these arguments. *See* TEX. R. APP. P. 33.1(a).

*Portfolio Recovery Assocs., LLC v. Talplacido*, No. 05-10-01244-CV, 2012 WL 204541, at *3 (Tex. App.—Dallas 2012, no pet.) (mem. op.) ("Although Portfolio was not properly served by Talplacido, Portfolio was deemed served *when the trial court granted the motion to quash service of citation.*" (emphasis added)).

**2.      The trial court did not abuse its discretion in denying Robinson's request to amend the return**

Robinson next argues reversal is warranted because the trial court erred in denying her request to amend the June 2023 return.

"At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." TEX. R. CIV. P. 118.    A trial court abuses its discretion when it "acts in an arbitrary or unreasonable manner without reference to guiding rules or principles," or when it "renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

Robinson first asked the trial court for permission to amend the return in her reply to the motion for reconsideration, which she filed on February 20, 2024 (almost four months after the expiration of limitations and over two months after Robinson became aware of the defect in the original return).  Robinson did not

present an amended return but argued she had "been working diligently to locate the process server for an amended citation." This was an open-ended request for permission to amend the return at some unknown time in the future, with no evidence reflecting Robinson had even made contact with the process server to provide the amended return.

Robinson next asked to amend the return in her substantive response to Natividad's motion to quash, which she filed on March 5, 2024 (almost three months after Robinson became aware of the defect in the original return). Again, this was an open-ended request to file an amended return in the future.

At the March 7, 2024 hearing, Robinson's counsel stated he had contacted the process server and it would take less than thirty days to obtain the amended return, but he did not present any evidence to substantiate this assertion. On March 18, 2024, the trial court entered its written order granting Natividad's motion to quash and denying Robinson's request to amend the return. At no time prior to this order did Robinson provide the trial court with a proposed amended return or proof of when an amended return might be filed.

The trial court did not abuse its discretion in denying Robinson's request to amend the return because, without providing a proposed amended return, there was no assurance an amendment would cure the original return's defect. *Cf. Dawson v. Briggs*, 107 S.W.3d 739, 747 (Tex. App.—Fort Worth 2003, no pet.) (affirming

trial court's grant of permission to amend return after it "conducted an evidentiary hearing" on motion to amend at which process server "testified that he served [the defendant] as reflected in the return of citation, but admitted on cross-examination that he did not have the return verified in front of a notary when he signed it").[4]

### 3. No evidence creates a fact issue on whether Robinson was diligent in effecting service

We now address the trial court's summary-judgment ruling. When a plaintiff timely files suit but effects service of process outside the limitations period, the late service "can relate back to the date the petition was filed and thus be considered timely . . . if the plaintiff shows that she was diligent in attempting service from the time limitations expired until proper service was finally achieved." *Tanner*, 689 S.W.3d at 296.

A defendant carries his summary-judgment burden when he proves the plaintiff failed to serve him within limitations. *Draughon*, 631 S.W.3d at 93–94.

---

[4] On September 30, 2024, Robinson filed her summary-judgment response, discussing the standards for amending a return and attaching three different proposed amended returns. But these amended returns did not act to cure the deficiency in the original return because the trial court had not issued an order allowing the amended returns to be filed. *See Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793–94 (Tex. App.—Houston [1st Dist.] 1999, no pet.). And even if Robinson was requesting to amend the original return in the summary-judgment response, the trial court did not abuse its discretion in denying the request because the court had denied Robinson's prior request to amend the return and quashed that return. *See OHK Global, Inc. v. Motaghi*, 679 S.W.3d 738, 745 (Tex. App.—Houston [1st Dist.] 2023, pet. denied.) ("[T]he trial court was not required to reconsider issues it had already decided[.]").

11

The burden then shifts to the plaintiff to create a fact issue regarding whether she "acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served," including explaining every lapse in effort or period of delay. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (citation and internal quotation marks omitted). When a plaintiff allows "one or more lapses between service efforts" to go "unexplained," the failure to provide such an explanation "may demonstrate a lack of diligence as a matter of law." *Id.*

Thus, we consider whether Robinson presented evidence of diligence in attempting to effect service between October 23, 2023 (the date limitations expired) and March 18, 2024 (the date service deemed to have occurred per the trial court's order granting the motion to quash). *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Robinson presented an email exchange that began on March 5, 2024 between a paralegal at her counsel's law firm and the process server who signed the June 2023 return. On that date, the paralegal wrote to the process server saying the firm had "some questions" and requesting a call. On March 7, 2024, the paralegal emailed the process server again and asked him to "provide us with another affidavit" regarding service, this one to be signed under penalty of perjury. On March 15, 2024, apparently having not received the affidavit, the paralegal

followed up by email. The process server responded later that day, saying he would "get this to you this evening when I make it back from route." Other than this email exchange, which we assume was properly before the trial court, Robinson provided no evidence of her efforts to effect service between October 23, 2021 and March 18, 2024.[5]

Robinson claims she first learned of the return's defect when she discovered Natividad's motion to quash on December 11, 2023. Robinson argues that, before December 11, she believed service had been properly effected because of the insurance adjuster's July 2023 email requesting an answer extension and Natividad's failure to serve her counsel with the motion to quash or the notice of submission of the motion. Robinson accuses Natividad of bad faith for causing her to not catch the defect timely.

"It is the responsibility of the one requesting service . . . to see that service is properly accomplished," including "seeing that service is properly reflected in the record." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994); *see also Mathewson v. Anglia Homes, L.P.*, No. 01-23-00874-CV, 2025 WL 2471799, at *8 (Tex. App.—Houston [1st Dist.] Aug. 28, 2025, no pet.) (mem. op.) (diligence required plaintiff to review return receipt from mailing of service of

---

[5]     Robinson attached additional emails to her appellate brief, but we will not consider evidence not properly in the record. *See Democratic Schs. Res., Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

process to ensure it complied with Rule 107). Moreover, Robinson presented no evidence Natividad's adjuster or counsel acted in bad faith, even assuming such would excuse Robinson's lack of diligence in failing to recognize the defect before December 11, 2023. *See Lockard v. Deitch*, 855 S.W.2d 104, 106 (Tex. App.—Corpus Christi 1993, no pet.) (no bad faith where limitations period expired while parties were engaged in settlement discussions, after which defendant obtained summary judgment on limitations, because plaintiffs "offered no evidence to the trial court of bad faith or fraudulent inducement").[6]

After Natividad satisfied his summary-judgment burden of proving he was not served within limitations, Robinson failed to present evidence explaining the over four-month delay from October 23, 2023 to March 5, 2024 in trying serve Natividad, thereby failing to satisfy her burden to establish diligence in effecting service. *See Draughon*, 631 S.W.3d at 93–94. Thus, the trial court properly granted Natividad's motion for summary judgment. *See Tanner*, 689 S.W.3d at 302–03; *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam) (citing cases in which unexplained delays in service, one around four months, proved

---

[6] Additionally, Natividad's failure to serve Robinson's counsel with the motion to quash was harmless because the trial court granted Robinson's motion for reconsideration and gave her a full opportunity to be heard. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding trial court's error granting motion for summary judgment without notice to plaintiff harmless because court fully considered plaintiff's response and reconfirmed its ruling).

failure to use diligence as matter of law); *Tran v. Trejos*, No. 14-17-00998-CV, 2019 WL 962605, at *3–4 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (mem. op.) (holding unexplained three-and-a-half-month delay in effecting service established lack of diligence as matter of law).[7]

## Conclusion

We overrule Robinson's appellate issue and affirm the trial court's judgment.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

---

[7] Robinson also cites to Civil Practice and Remedies Code section 16.063 in her brief. But section 16.063 pertains to a defendant who is absent from Texas during the limitations period. *See* TEX. CIV. PRAC. & REM. CODE § 16.063. There is no evidence Natividad was outside Texas during the limitations period.